OPINION OF THE COURT
Michael E. Hudson, J.
Claimant filed this suit to recover for injuries sustained in a *782 fall at Artpark on July 8, 2000. The matter proceeded to a trial of liability issues only on January 5, 6, and 26, 2004. At the commencement of trial, defendant made an oral motion to dismiss the claim for lack of subject matter jurisdiction based upon the failure to allege the amount of damages claimed, as set forth within Court of Claims Act § 11 (b). The court denied the motion without prejudice to a formal motion that complied with the notice and service provisions of CPLR 2214. On August 9, 2004, this court filed its decision in the liability trial, holding for claimant in limited part (see Kolnacki v State of New York, Ct Cl, July 12, 2004, Hudson, J, UID No. 2004-034-002).[1] Defendant then filed the dismissal motion now before this court. Oral argument was heard on February 16, 2005, and decision reserved. The court will now grant defendant’s motion and dismiss the claim.
Mrs. Kolnacki tendered two claims in this matter. The first, an unverified, pleading that was never filed, was served by ordinary mail on or about July 27, 2000, and failed to state the amount of damages claimed. Defendant’s answer raised 10 affirmative defenses, including lack of personal and subject matter jurisdiction. The ninth affirmative defense stated: “The contents of the Notice of Claim[2] served herein do not comply with the provisions of Section 11 of the Court of Claims Act.” (Answer ¶ 14.)[3] Mrs. Kolnacki thereafter filed and served a claim on or about September 25, 2000. That pleading was verified and properly served upon the Attorney General, but once again failed to set forth any damage claims.[4] Her verified bill of particulars, served on or about October 25, 2000, also failed to *783 specify any dollar amount of damages. At no time did claimant move to amend the claim, or seek leave to file and serve a late claim.
The State’s waiver of its sovereign immunity from money damage claims is not absolute. Court of Claims Act § 8 instead conditions that consent to be sued upon compliance with the provisions of article 2 of that statute, which includes Court of Claims Act § 11 (b). Section 11 (b) inter alia requires that “[t]he claim shall state . . . the total sum claimed.” Critically, the statutory requirements conditioning suit, which are in derogation of the common law, must be strictly construed (Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]; Finnerty v New York State Thruway Auth., 75 NY2d 721 [1989]). A claim that fails to conform with the substantive pleading requirements of Court of Claims Act § 11 (b), including the statement of damages claimed, is jurisdictionally defective (see Lepkowski, 1 NY3d at 208-209). Such failures of subject matter jurisdiction cannot be waived, and may be raised at any time (see Finnerty, 75 NY2d at 723 [addressing the jurisdictional nature of the service provisions of section 11]).
Claimant has asserted that the State was not prejudiced by the failure to include the amount of damages because it had ample opportunity through the discovery conducted in this matter to explore the particulars of the claim. Even assuming that the State could readily investigate damage issues, claimant would not be relieved of her jurisdictional obligation to set forth the total sum claimed. “The Court of Claims Act does not require the State to ferret out or assemble information that section 11 (b) obligates the claimant to allege.” (Lepkowski, 1 NY3d at 208, citing Cobin v State of New York, 234 AD2d 498, 499 [1996].) Claimant also has urged that unlike Lepkowski, where several of the allegations required under section 11 (b) had not been addressed, her sole pleading deficiency involved the damage clause. For that reason Ms. Kolnacki contends that she should be deemed to have substantially complied with the statutory pleading requirements. The court is mindful that precision in pleading is not required under section 11 (b).
“What is required is not absolute exactness, but simply a statement made with sufficient definitiveness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice *784 the rights of the State. In short, substantial compliance with section 11 is what is required” (Heisler v State of New York, 78 AD2d 767, 767 [1980] [citations omitted]).
Under Lepkowski, however, it is clear that the substantial compliance standard does not relieve a claimant from the need to address all five of the pleading mandates of section 11 (b); rather, the standard simply allows for flexibility in weighing the adequacy of the allegations addressed to each of those pleading requirements (see Lepkowski, 1 NY3d at 208-209 [addressing the minimum requirements needed to sustain the claim therein]). Since claimant completely failed to address the damage question, she could not have sustained that burden under any standard of review.
Based upon the above, it is hereby ordered that defendant’s motion to dismiss is granted. The claim is dismissed.

. Unpublished decisions are available on the Court of Claims Web site at <www.nyscourtofclaims.state.ny.us>.

. Claimant had properly denominated her pleading a “claim.” A notice of claim does not exist as part of the practice in this court.

. The court notes that claimant’s demand for a bill of particulars sought clarification of the ninth affirmative defense, but that defendant’s response filed May 3, 2001 addressed the eighth affirmative defense. It appears that claimant did not seek further clarification of that response, nor was the issue raised in claimant’s motion to compel discovery (Motion No. M-65233).

. The second claim also included several minor pleading variations, such as the listing of “Artpark” along with the other named parties in the body of the claim, the assertion that claimant was injured due to a “slip” rather than a “trip,” and grammatical corrections. The parties evidently deemed the pleading a supplemental claim, devoid of superseding allegations, since defendant did not serve a further answer, and claimant did not contend that the State had defaulted by reason thereof (see Stella v Stella, 92 AD2d 589, 589 [1983] [“a supplemental complaint does not supersede the original pleading and the answer which had already been served at the time the supplemental pleading was interposed remains in effect”]).