■ BEATRICE MORRIS, Appellant, v STATE OF NEW YORK, Respondent. [813 NYS2d 60]—

Order of the Court of Claims of the State of New York (Alan C. Marin, J.), entered September 30, 2004, which denied claimant's motion pursuant to Court of Claims Act § 10 (8) to treat her notice of intention to file a claim as a claim and to file an amended claim, unanimously reversed, on the law, without costs, and claimant's motion granted.

Claimant served a notice of intention to file a claim, pursuant to Court of Claims Act § 10 (3), alleging that she was sexually assaulted by a correction officer while incarcerated at Bayview Correctional Facility. The notice describes the assault and asserts violation of her constitutional rights. She then, however, commenced a pro se action in the United States District Court for the Southern District of New York, asserting claims against the New York State Department of Correctional Services (DOCS), certain DOCS employees in their representative capacities, and the correction officer who assaulted her. Subsequently, her counsel served an amended complaint that, inter alia, asserted a federal civil rights claim and state claims based upon assault and battery and negligence. On September 23, 2003, the District Court partially granted the defendants' summary judgment motion, dismissing the claims against the DOCS employees in their representative capacities "without prejudice to the filing of claims against the State in the New York State Court of Claims." The claim against the correction officer who committed the assault went to trial, resulting in an award of damages and attorneys' fees.

The motion court erred in denying claimant relief on the grounds that her claim was untimely and that she failed to state a claim. The claim was timely, pursuant to Court of Claims Act § 10 (3), (8) (b) and CPLR 205 (a). Claimant's service, on

July 9, 1999, of her written notice of intention to file a claim was within section 10 (3)'s 90-day period from the date the claim accrued (April 18). It is uncontroverted that she timely commenced her federal action in October 2000, and that the District Court granted defendants partial summary judgment on September 23, 2003, dismissing her claims against the DOCS employees in their representative capacities. On March 23, 2004, claimant filed her motion for permission to treat her notice of intention as a claim. Court of Claims Act § 10 (8) (b) provides that such an application seeking to commence an action against a citizen of the State is timely if made within the extended limitation period provided by any of the provisions of CPLR article 2. CPLR 205 (a) permits a timely commenced action that is terminated (in other than certain specified ways not relevant here) to be commenced anew within six months after termination, provided that the new action would have been timely commenced at the time the prior action was commenced and that the defendant is served within the six-month period. Claimant's motion complied with these requirements, was thus timely, and should have been granted (*see Dreger v New York State Thruway Auth.*, 81 NY2d 721 [1992]; *Jordan v Bates Adv. Holdings*, 292 AD2d 205, 206 [2002]). The State's various contentions to the contrary are inapposite.

A notice of intention may be converted to a claim only if it "contains facts sufficient to constitute a claim" (Court of Claims Act § 10 [8] [a]). Section 11 (b) requires that a claim specify its nature, the time and place it arose, the damages or injuries allegedly sustained, and the total sum claimed. Defendant's contention that claimant failed to state the nature of her claim is without merit inasmuch as she clearly alleges her constitutional rights were violated by respondent's failure to protect her from sexual assault by its employee while in its custody. Defendant's negligence in hiring, supervising and training its employee is reasonably inferred from such allegations. Defendant's further contention that the claim should be dismissed for failure to state the total sum claimed also lacks merit. It relies upon the readily distinguishable *Lepkowski v State of New York* (1 NY3d 201 [2003]), wherein the numerous claimants did not allege sufficient information to allow the State to investigate and assess its potential liability for unpaid overtime, e.g., when and where the overtime hours were worked and the total amount of unpaid overtime claimed. Here, the State is given adequate information to investigate the claim. Also, the total amount claimed for this claimant's injuries is more difficult to ascertain than in *Lepkowski*, and on a motion to convert pursuant to section 10 (8), may be provided by amending the claim

(*see Barski v State of New York*, 43 AD2d 767 [1973]; *Hamilton v State of New York*, 11 Misc 3d 650 [Ct Cl 2005]; *Legall v State of New York*, 10 Misc 3d 800 [Ct Cl 2005]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.