BETTY KOLNACKI, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103121.) [816 NYS2d 249]—

Appeal from an order of the Court of Claims (Michael E. Hudson, J.), entered April 6, 2005. The order granted defendant's motion to dismiss the claim.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is denied and the claim is reinstated.

Memorandum: Claimant commenced this action seeking damages for injuries she sustained when she slipped and fell on property owned by defendant. The Court of Claims erred in granting defendant's motion to dismiss the claim based on claimant's failure to set forth the "total sum claimed" in accordance with Court of Claims Act § 11 (b). We recognize that, "[b]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (*Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]; *see Lepkowski v State of New York*, 1 NY3d 201, 206-207 [2003]). We do not, however, construe the failure of claimant to set forth the "total sum claimed" in accordance with Court of Claims Act § 11 (b) to be fatal to her claim (*see Hamilton v State of New York*, 11 Misc 3d 650, 664 [2005]; *see also Legall v State of New York*, 10 Misc 3d 800, 807-810 [2005]). The claimants in *Lepkowski* sought damages for unpaid overtime compensation (*see* 1 NY3d at 208), and thus their damages were definite and ascertainable. Here, claimant sustained a

fractured patella as a result of her fall and her damages from that injury are more difficult to ascertain, particularly in view of the fact that she was required to file her claim before the extent of her damages was definite and ascertainable (*see Morris v State of New York*, 27 AD3d 282 [2006]). As the First Department wrote in *Morris*, "the numerous claimants [in *Lepkowski*] did not allege sufficient information to allow the State to investigate and assess its potential liability for unpaid overtime" (*id.* at 283). Here, we conclude that claimant has alleged sufficient information (*see id.* at 283; *see generally Hamilton*, 11 Misc 3d at 665; *Legall*, 10 Misc 3d at 807-810).

All concur except Martoche and Hayes, JJ., who dissent and vote to affirm in the following memorandum.

Martoche and Hayes, JJ. (dissenting). We respectfully dissent. In our view, the Court of Claims properly granted defendant's motion to dismiss the claim based on claimant's failure to set forth the requisite "total sum claimed" in accordance with Court of Claims Act § 11 (b). As noted by the majority, "[b]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (*Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]; *see Lepkowski v State of New York*, 1 NY3d 201, 206-207 [2003]). The majority, however, does not strictly construe the statute and instead suggests either that only substantial compliance with the statute is required or that the statutory requirements can be ignored depending on the facts of the case. While we of course recognize that the facts of *Lepkowski* are distinguishable from this case, we cannot agree that the Court of Appeals intended a different result for personal injury cases such as this (*see generally id.* at 207 n 3). As in *Lepkowski*, claimant here was "required, at the very least, to specify . . . the total sum of damages sought" (*id.* at 208-209). Claimant's undisputed failure to comply with Court of Claims Act § 11 (b) renders the claim "jurisdictionally defective for nonconformity with [the statute's] substantive pleading requirements" (*Lepkowski*, 1 NY3d at 209). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ. [*See* 10 Misc 3d 781 (2005).]