JUAN F. SANCHEZ, Respondent, v STATE OF NEW YORK, Appellant. [837 NYS2d 29]—

Order of the Court of Claims of the State of New York (Alton R. Waldon, Jr., J.), entered January 5, 2006, which, to the extent appealed from, granted claimant's motion to file a supplemental verified claim, unanimously reversed, on the law, without costs, and the motion denied.

The Court of Claims evidently concluded that the defects in claimant's second verified claim were not jurisdictional on the ground that claimant's injuries and damages were difficult to ascertain (see Morris v State of New York, 27 AD3d 282 [2006]). Here, in contrast to Morris, claimant was able to supplement his second verified claim only two months after its filing by itemizing his damages ("serious, painful, and permanent physical, emotional, and mental injuries, including, but not limited to, bruises and contusions to the face and right eye and the back, difficulty breathing, aggravation of severe heart condition, severe chest pain, aggravation of diabetic condition, disintegration of marriage and resulting homelessness, as well as trauma to the right wrists and left ankle" [supplemental verified claim ¶ 8 (1)]) and setting forth the amount of damages being sought ($500,000 for physical injuries, $500,000 for "mental strain, agony, emotional distress, anxiety, restlessness, and nervousness" [supplemental verified claim ¶ 8 (2)], $500,000 for medical expenses, and an approximate sum of $31,600 in lost wages) and there appears no reason why the additional information contained in the proposed supplemental pleading would not have been available to claimant at the time the second verified claim was filed.

Moreover, claimant, in his motion for leave to file and serve a supplemental verified claim, did not argue that he could not specify his items of damages and the total sum claimed because they were difficult to ascertain, but merely, that counsel believed that these itemizations were no longer required. Claimant stated that Court of Claims Act § 11 (b) requirements were not adhered to, not because it was impractical or difficult to do so, but rather because it was believed he was not required to do so. Therefore, under these circumstances, Morris does not provide authority for concluding that the defects here were not jurisdictional.

As was recently reiterated by the Court of Appeals in Kolnacki v State of New York (8 NY3d 277, 281 [2007]), "nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary" and the statutory requirements that a claimant allege itemized injuries and the "total sum" of the damages claimed are jurisdictional (see also Lepkowski v State of New York, 1 NY3d 201, 206-209 [2003]). In rejecting the Kolnacki claimant's argument that her difficulty

in determining damages at the onset of a case prevented compliance with the Court of Claims Act, the Court of Appeals stated, in language equally applicable here, "we fail to see why this prevents a claimant from providing any estimate whatsoever. A claim may always be amended at a later time, if necessary" (8 NY3d at 281).

Accordingly, it is clear that the second verified claim was a jurisdictionally defective nullity, which was properly dismissed by the motion court, claimant's motion to supplement the second verified claim was in essence a motion for permission to file a late claim which, having been made subsequent to the expiration of the applicable statutory period, was not within the court's power to grant (*see Crum & Foster Ins. Co. v State of New York*, 25 AD3d 643, 644 [2006]). Concur—Tom, J.P, Saxe, Sweeny, Malone and Kavanagh, JJ.