Cardenas v State of New York (2023 NY Slip Op 05463)

Cardenas v State of New York

2023 NY Slip Op 05463

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Claim No. 97094 Appeal No. 935 Case No. 2023-00468 

[*1]Jennifer Cardenas, Claimant-Appellant,
v
State of New York, Defendant-Respondent.

Epstein Ostrove, LLC, New York (Daniel N. Epstein of counsel), for appellant.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Order, Court of Claims of the State of New York (Linda K. Mejias-Glover, J.), entered July 6, 2022, which denied claimant's motion for leave to file a late claim, unanimously affirmed, without costs.
Claimant failed to comply with the pleading requirements of Court of Claims Act § 11 (b) and strict construction of and compliance with such statutory preconditions to suit under the Court of Claims Act is required (see Watson v State of New York, 159 AD3d 446, 446-447 [1st Dept 2018]).
Here, the proposed claim did not specify the location, date, time, or circumstances of the accident with sufficient specificity to permit respondent to investigate its liability, and thus the claim was jurisdictionally defective (see Sega v State of New York, 246 AD2d 753, 754-755 [3d Dept 1998], lv denied 92 NY2d 805 [1998]; Cobin v State of New York, 234 AD2d 498, 499 [2d Dept 1996], lv denied 90 NY2d 925 [1997]). Dismissal of the claim was further warranted as claimant failed to allege itemized injuries as the proposed notice merely alleged that she sustained "[i]njuries to the neck and back" (see Sanchez v State of New York, 40 AD3d 450, 451-452 [1st Dept 2007]).
That respondent did not seek dismissal of claimant's leave application on the basis that the proposed claim did not comply with Court of Claims Act § 11(b) is immaterial because the Court of Claims' lack of subject matter jurisdiction is not waivable, and thus the court properly dismissed the claim sua sponte (see Davis v State of New York, 64 AD3d 1197 [4th Dept 2009], lv denied 13 NY3d 717 [2010]; Signature Health Ctr., LLC v State of New York, 42 AD3d 678, 679 [3d Dept 2007]). Since the claim is jurisdictionally defective for nonconformity with the substantive pleading requirements of Court of Claims Act § 11(b), this Court need not reach claimant's remaining contentions as to the factors in determining whether to permit the filing of a late claim pursuant to Court of Claims Act § 10(6) (see Lepkowski v State of New York, 1 NY3d 201, 209 [2003]). In any event, we find that the Court of Claims providently exercised its discretion in denying the motion under this section as well.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023