Rodriguez-Giron v State of New York (2023 NY Slip Op 51479(U))

[*1]

Rodriguez-Giron v State of New York

2023 NY Slip Op 51479(U)

Decided on December 5, 2023

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2023
Court of Claims

Jose Rodriguez-Giron, Claimaint

against
The State of New York, Defendant.

Claim No. None

Claimant's attorney:
THE BAEZ LEGAL GROUP, PLLC
By: Jose Anibal Baez, Esq.
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: John M. Healey, Assistant Attorney General

Walter Rivera, J.

The following papers numbered 1-2 were read and considered by the Court on movant's application to treat the notice of intention as a claim:
Notice of Motion, Attorney's Supporting Affidavit and Exhibits 1
Attorney's Affirmation in Opposition 2
A notice of intention was personally served upon the State on November 25, 2020 alleging that movant suffered serious injuries at 7:18 a.m. on August 25, 2020, when he was involved in a "motor vehicle wreck" at the intersection of Route 100 and Seven Bridges Roads, Yorktown, Westchester County (Movant's Ex. A,¶ 4). The notice of intention alleges that "[s]aid roads were defective, unsafe and dangerous, poorly maintained and controlled, including lack of appropriate safety warnings, traffic controls and devices due to construction, paving and repaving, by Respondents and their agents and employees" (id. at 3). The notice of intention further alleges that, "[s]aid wreck was directly due to the negligence of the respondents in the ownership, maintenance and control of said roads, causing a dangerous condition in the negligent design, construction, maintenance, lack of appropriate safety warnings and devices, obstacles place[d] too closed (sic) to traveled portions of the roadways, lack of safe shoulder, failure to install appropriate signage and warnings on said roads that are known to be dangerous; negligence in failing to post adequate warning signs as to the condition of the road; failing to maintain proper lighting of the roadway; and otherwise being careless and negligent" (id. at 4). Finally, the notice of intention alleges that movant "has suffered and continues to suffer permanent injury and mental anguish, the full nature and extent of which are unknown at this time" (id. at 5).
Movant brings this application to treat his notice of intention as a claim pursuant to Court of Claims Act § 10 (8) (a). The State opposes the motion arguing that movant has not met the requirements of Court of Claims Act § 10 (8) (a) to treat his notice of intention as a claim. Specifically, the State argues that the notice of intention does not contains facts sufficient to constitute a claim as set forth in the pleading requirements of Court of Claims Act § 11 (b).
Analysis
Court of Claims Act § 10 (8) (a) mandates that the Court "shall not grant" an application to treat a notice of intention as a claim "unless . . . the notice of intention . . . contains facts sufficient to constitute a claim." Thus, the Court's determination of whether to grant movant's application brought pursuant to Court of Claims Act § 10 (8) (a) necessarily requires the Court to consider whether the notice of intention contains facts sufficient to constitute a claim under Court of Claims Act § 11 (b). 
Court of Claims Act § 11 (b) provides in pertinent part that a "claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries [*2]claimed to have been sustained." The purpose of the pleading requirements is to provide a sufficiently detailed description of the particulars to enable the State to investigate and promptly ascertain the existence and extent of its liability (see Sinski v State of New York, 265 AD2d 319, 319 [1999]). Conclusory or general allegations of negligence that fail to state the manner in which the injuries occurred and how the State was negligent do not meet the jurisdictional pleading requirements of Court of Claims Act §11(b) (see Kimball Brooklands Corp. v. State of New York, 180 AD3d 1031, 1032 [2d Dept 2020][Conclusory or general allegations of negligence that fail to state the manner in which the claimant was injured do not meet the pleading requirements of Court of Claims Act §11 [b]; Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003][The State's waiver of immunity from suits for money damages is contingent upon claimant's compliance with the specifications set forth in Court of Claims Act § 11 [b]). Moreover, "[t]he Court of Claims Act does not require the State to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (Lepkowski, 1 NY3d at 208).
Upon review of movant's notice of intention, the Court finds that the allegations of the State's negligence are general and conclusory and that the notice of intention is devoid of any factual description as to the happening of the accident and the manner in which movant's alleged injuries occurred or were sustained (see Cardenas v State of New York, 220 AD3d 613 [1st Dept 2023] [A late claim application was denied because the proposed claim did not specify the location, date, time, or circumstances of the accident with sufficient specificity to permit the State to investigate its liability and therefore the proposed claim did not meet the pleading requirements of Court of Claims Act §11 [b]; Sardegna v State of New York, 218 AD3d 700, 702 [2d Dept 2023][The claim was properly dismissed on the ground that "the claim failed to satisfy the jurisdictional requirements of [Court of Claims Act] section 11 (b) since it failed to state any factual allegations about the motor vehicle accident other than the time and place"]). The Court notes that the Supporting Affidavit of movant's attorney states that "according to the police report, another individual driving on Seven Bridges Road, ran through that intersection severely injuring [movant] and totaled [movant's]s automobile" and that movant was traveling north on Route 100 at that time (Attorney's Supporting Affidavit, ¶ 3). Such facts, however, are not set forth in the notice of intention.[FN1]
Additionally, the notice of intention fails to allege "the items of damage or injuries claimed to have been sustained" as mandated by the pleading requirements of Court of Claims Act §11 (b) (see Cardenas, 220 AD3d at 613-614 [A late claim application was denied because, inter alia, the proposed claim "merely alleged" that movant had sustained injuries to her neck and back and "failed to allege itemized injuries" as mandated by the jurisdictional pleading requirements of Court of Claims Act § 11 (b)]).
Thus, the Court finds that the notice of intention does not "contains facts sufficient to constitute a claim" as set forth in the pleading requirements of Court of Claims Act § 11 (b) and therefore, movant has not met the requirements of Court of Claims Act § 10 (8) (a) to treat his notice of intention as a claim.
Accordingly, movant's application to treat his notice of intention as a claim is DENIED.

Footnotes

Footnote 1:The Court notes that there is no indication that movant's attorney has personal knowledge of the facts asserted in his supporting affidavit and movant did not submit his own affidavit attesting to such facts, nor was a copy of the police report included with the motion papers.