In the Matter of ANTHONY E. TERINO, Petitioner, *v.* ARTHUR LEVITT, as Comptroller of the State of New York and as Administrative Head of the New York State Employees' Retirement System, Respondent.

Third Department, April 11, 1974.

---

168

*De Graff, Foy, Conway & Holt-Harris* (*Algird F. White, Jr.* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent which disapproved petitioner's application for transfer from membership in the New York State Teachers' Retirement System to membership in the New York State Employees' Retirement System.

Petitioner was in the employ of the New York State Education Department for approximately 19 years when he was granted a leave of absence without pay on May 28, 1969. From September 1, 1969, he was employed as a member of the faculty of the Schenectady Community College and for a time served as acting president of the college. Subsequently, and on August 13, 1970, he was reinstated on the Education Department payroll in his former position. Upon his return, he immediately applied for transfer of membership from the State Teachers' Retirement System to the State Employees' Retirement System pursuant to section 31 of chapter 457 of the Laws of 1970. In his application he listed his employment with the Education Department as covering the period from January 9, 1950 to present. He also listed his employment with the Schenectady Community College from September 1, 1969 to August 31, 1970. His request was ultimately denied on the ground that he was not in the

employ of the Education Department on March 31, 1970 as required by the statute.

Section 31 of chapter 457 of the Laws of 1970 authorized persons "in the employ" of the State Education Department on March 31, 1970 to transfer from the State Teachers' Retirement System to the State Employees' Retirement System. The sole question for our determination is whether petitioner was "in the employ" of the State Education Department on the specified date. Respondent concluded, after a hearing, that he was not. We agree.

The record reveals that, during the period in question, petitioner was not on the State payroll. No contributions to the State Teachers' Retirement System were made on his behalf, and he was not covered by the Education Department with workmen's compensation. The record further reveals that he was teaching at and serving as acting president of Schenectady Community College, and being paid by the college. Deductions from his pay were matched with contributions by the college and paid to the State Teachers' Retirement System. Payments for health insurance and other employee benefits were also provided by the college.

A resolution of the instant problem requires a determination of the intent of the Legislature in its use of the words, "in the employ". The plain language used in a statute should be construed in its natural and most obvious sense. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 94, 232; *Bright Homes* v. *Wright,* 8 N Y 2d 157, 161–162.) The ordinary meaning of the quoted words compels the conclusion, in our opinion, that petitioner was not in the employ of the State Department of Education on March 31, 1970, but rather, that he was in the employ of the Schenectady Community College. Petitioner, however, urges that a different conclusion is required, since a reading of certain sections of the Civil Service Law indicates a legislative intent that a leave of absence shall not be considered an interruption of service. (Civil Service Law, § 130, subd. 3, par. [e]; § 80, subd. 2; Retirement and Social Security Law, § 40, subd. f.) Generally, we do not disagree with this contention. It is not relevant, however, to a determination of the instant issue. Concededly, petitioner was on a leave of absence and there was no interruption in his continued service. We are confronted here with the meaning of the words "in the employ" which are clearly distinct from "in the service." The cases relied upon by petitioner are

inapposite for they involve the effect of a leave of absence on certain rights of an employee which, of course, are not pertinent.

In addition to the ordinary meaning of this language, it is significant that the Legislature, in 1973, passed a bill amending the instant statute, which, among other things, provided for the inclusion of persons on leave of absence at the specified time. The bill was vetoed by the Governor. It is reasonable to infer that, by such action, the Legislature intended, as a practical legislative construction, to initially exclude those individuals who were on a leave of absence at such designated time from the Department of Education. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 75.) It is also significant that subdivision 8 of section 2 of the Retirement and Social Security Law defines an employer as, "The state * * * or organization obligated * * * to make contributions to the retirement system on behalf of its employees." As the record reveals, during the period in question, the State was making no contributions to the Retirement System on petitioner's behalf, and, therefore, it was not his employer at such time. We find respondent's determination neither arbitrary nor capricious and it should be confirmed.

The determination should be confirmed, and the petition dismissed, without costs.

STALEY, JR., J. P., GREENBLOTT, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.