■ Scott Van Buskirk, Appellant, v State of New York, Respondent. [757 NYS2d 213] —Appeal from an order of the Court of Claims (NeMoyer, J.), entered October 24, 2001, which denied claimant's application for permission to file a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the application is granted upon condition that claimant shall file the proposed notice of claim within 20 days of the date of entry of the order of this Court.

Memorandum: Claimant was allegedly injured on January 6, 2000 when he fell from the roof of a newly constructed building owned by defendant. At the time of his fall, claimant was president of Loudon Building Company, Inc. (Loudon), the general contractor, and was on the roof inspecting "work performed by various subcontractors." Claimant advised an employee of de-

fendant that he had fallen but stated that he did not think that he was injured. On March 5, 2001, claimant filed an application "for leave to file a late notice of claim." The Court of Claims denied claimant's application on the sole ground that the claim did not appear to be meritorious (*see* Court of Claims Act § 10 [6]; *Savino v State of New York*, 199 AD2d 254, 254-255 [1993]; *Sawma v State of New York*, 136 AD2d 965 [1988], *lv dismissed* 72 NY2d 907 [1988], *lv denied* 72 NY2d 979 [1988]). We reverse.

The court erred in determining that claimant was not a protected person under Labor Law § 240 (1). In so determining, the court relied on *Mordkofsky v V.C.V. Dev. Corp.* (76 NY2d 573 [1990]). That case is inapposite, however, because the plaintiff therein was a contract-vendee of a custom-built home and was injured while inspecting the progress of the work. Here, claimant also was inspecting the work, but he was "involved in a protected activity under the statute because his work was necessary and incidental to the construction of the [building]" (*Nowak v Kiefer*, 256 AD2d 1129, 1130 [1998], *lv dismissed in part and denied in part* 93 NY2d 887 [1999], *rearg dismissed* 93 NY2d 1000 [1999]; *see also Aiello v Rockmor Elec. Enters.*, 255 AD2d 470, 471-472 [1998], *lv dismissed in part and denied in part* 93 NY2d 952) and he was president of "an entity hired by the owner for such purpose" (*Aubrecht v Acme Elec. Corp.*, 262 AD2d 994, 994 [1999]; *see Quinlan v Eastern Refractories Co.*, 217 AD2d 819, 821 [1995]; *Kendall v Venture Dev.*, 206 AD2d 797 [1994]). Defendant's reliance on our decision in *Scott v Scott's Landing* (277 AD2d 918 [2000], *lv denied* 96 NY2d 705 [2001]) is misplaced. There, the plaintiff was both the owner of the building where he was injured and the sole shareholder, officer and director of the defendant corporation located therein. We determined that defendant's motion for summary judgment dismissing the complaint alleging, inter alia, the violation of Labor Law § 240 (1) was properly granted because the plaintiff, who was himself the owner of the building, "was not 'working for another for hire'" in a construction-related task governed by section 240 (1) (*Scott,* 277 AD2d at 918, citing, inter alia, *Maddox v City of New York*, 108 AD2d 42, 46-47 [1985], *affd* 66 NY2d 270 [1985]). Here, claimant was so employed. We therefore reverse the order and grant the application for permission to file a late notice of claim upon condition that claimant shall file the proposed notice of claim within 20 days of the date of entry of the order of this Court. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.