[864 NE2d 611, 832 NYS2d 481]

BETTY KOLNACKI, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 103121.)

Argued February 7, 2007; decided March 22, 2007

## POINTS OF COUNSEL

*Andrew Cuomo, Attorney General,* Albany (*Michael S. Buskus, Caitlin J. Halligan, Daniel Smirlock, Peter H. Schiff* and *Kathleen M. Treasure* of counsel), for appellant. Claims that omit the ad damnum clause required by section 11 (b) of the Court of Claims Act are jurisdictionally deficient. (*Alston v State of New York,* 97 NY2d 159; *Lichtenstein v State of New York,* 93 NY2d 911; *Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Lepkowski v State of New York,* 1 NY3d 201; *Long v State of New York,* 7 NY3d 269; *Trippe v Port of N.Y. Auth.,* 14 NY2d 119; *Gates v State of New York,* 128 NY 221; *Buckles v State of New York,* 221 NY 418; *Butterfield v State of New York,* 178 App Div 292; *Thomann v City of Rochester,* 256 NY 165.)

*Thomas Theophilos,* Buffalo, for respondent. I. The trial court erred when it dismissed the claim on the grounds that the failure to include a specific dollar amount of damages therein rendered the claim jurisdictionally defective. (*Lepkowski v State of New York,* 1 NY3d 201; *Barski v State of New York,* 43 AD2d 767; *Liberty Mut. Ins. Co. v State of New York,* 121 AD2d 694; *Harvey Chalmers & Son, Inc. v State of New York,* 271 App Div 699, 297 NY 690; *People v Santi,* 3 NY3d 234; *Matter of Schinasi,* 277 NY 252; *Surace v Danna,* 248 NY 18; *First Nat. Bank & Trust Co. v Beach,* 301 US 435; *Matter of Wilson v Board of Educ., Union Free School Dist. No. 23, Town of Oyster Bay,* 39 AD2d 965; *Matter of Statewide Roofing v Eastern Suffolk Bd. of Coop. Educ. Servs., First Supervisory Dist. of Suffolk County,* 173 Misc 2d 514.) II. Any decision favorable to appellant with respect to the arguments included in point I of this brief should only be applied prospectively. (*Chevron Oil Co. v Huson,* 404 US 97; *Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184; *Lepkowski v State of New York,* 1 NY3d 201; *Morris v State of New York,* 27 AD3d 282; *Editorial Photocolor Archives v Granger Collection,* 61 NY2d 517; *Barski v State of New York,* 43 AD2d 767; *Liberty Mut. Ins. Co. v State of New York,* 121 AD2d 694; *Chalmers & Son v State of New York,* 271 App Div 699; *Otis El. Co. v State of New York,* 52 AD2d 380.)

## OPINION OF THE COURT

Ciparick, J.

The issue presented by this appeal is whether claimant Betty

Kolnacki's failure to include the "total sum" of monetary damages in her claim, as required by Court of Claims Act § 11 (b), is a jurisdictional defect. We conclude that it is and that her claim must be dismissed.

Kolnacki commenced this suit seeking to recover for personal injuries sustained on July 8, 2000 as the result of a slip and fall at Artpark—a park in Western New York with outdoor theater facilities. Her claim indicates that she fractured her left patella and suffered dental damage, as well as other bruises and lacerations. The original claim was served on or about July 27, 2000, but was neither filed nor verified. Moreover, the claim did not state a specific dollar amount of damages. The State answered raising several affirmative defenses including, as relevant here, that "[t]he contents of the . . . Claim served herein do not comply with the provisions of Section 11 of the Court of Claims Act."

Subsequently, Kolnacki served and filed a properly verified claim that, like the previous claim, did not contain a total amount of requested damages. Instead, the claim indicated that "[t]he full extent of claimant's injuries [is] not yet known," and that she had "incurred injuries, damages, medical and hospital expenses which are to date undetermined and will incur loss of earnings and impairment of health." The verified bill of particulars likewise did not state the total sum claimed. The State orally moved to dismiss the claim, at the commencement of trial, for failure to comply with the requirements of section 11 (b) of the Court of Claims Act by omitting the amount of damages sought. The court denied the motion without prejudice to the State serving and filing a formal written motion in compliance with CPLR 2214.

After a trial on the issue of liability, the court found the State partially at fault. Thereafter, the State filed a written motion to dismiss the claim on the same basis as its previous oral motion—claimant's failure to state the amount of damages. The court granted the State's motion to dismiss, found that the failure to satisfy the requirements of section 11 (b) was a jurisdictional defect and rejected Kolnacki's argument that substantial compliance with the statute was sufficient.

A majority of the Appellate Division reversed and reinstated the claim, finding that the extent of Kolnacki's damages was difficult to determine and that she alleged sufficient information for the State to ascertain its potential liability. Two Justices dissented and voted to affirm, asserting that the require-

ments of section 11 (b) should be strictly construed and that the failure to state the total sum claimed was a jurisdictional defect. The Appellate Division granted the State's motion for leave to appeal to this Court and certified the following question: "Was the order of this Court, entered April 28, 2006, properly made"? We reverse and answer the certified question in the negative.

Under section 8 of the Court of Claims Act, the State has waived its sovereign immunity from liability "provided the claimant complies with the limitations of this article [§§ 8-12]." The Act contains several conditions that must be met in order to assert a claim against the State. Specifically, "[t]he claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the *total sum claimed*" (Court of Claims Act § 11 [b] [emphasis supplied]).

" '[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed' " (*Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999], quoting *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). Section 11 plainly requires that the claim state the total sum claimant is seeking. Notwithstanding Kolnacki's argument that "the total sum claimed" does not necessarily have to be a dollar figure, it is clear that her claim—entirely lacking any amount of monetary damages—failed to satisfy the requirements of the statute.

Recently, in *Lepkowski v State of New York* (1 NY3d 201, 207 [2003]), the claims of civil service employees seeking overtime pay were dismissed for failure to comply with the pleading requirements of section 11 (b). The employees' claims did not adequately allege when or where they arose, the items of damage claimed or "the total sum claimed" (*see Lepkowski*, 1 NY3d at 207-208). The Court observed that the State is not responsible for uncovering information that the claimant is required to allege under section 11 (b) (*see Lepkowski*, 1 NY3d at 208).

Kolnacki argues that *Lepkowski* is distinguishable because in the present case there is only one deficiency in the claim—failure to allege the total sum claimed—and because this is an action for personal injuries, which may be harder to quantify. These distinctions lack merit. *Lepkowski* made clear that all of the requirements in section 11 (b) are "substantive conditions upon the State's waiver of sovereign immunity" (1 NY3d at

207). The failure to satisfy any of the conditions is a jurisdictional defect. And while it may be true that damages in personal injury cases are harder to quantify at the outset, we fail to see why this prevents a claimant from providing any estimate whatsoever. A claim may always be amended at a later time, if necessary.

Moreover, this is not a new principle. We have consistently held that nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary (*see Long v State of New York*, 7 NY3d 269, 276 [2006] [dismissing claimant's action for failure to comply with verification requirements of Court of Claims Act § 8-b (4)]; *Alston v State of New York*, 97 NY2d 159, 164 [2001] [dismissing claim for failure to file within the time limitation of Court of Claims Act § 10 (4)]; *Lichtenstein*, 93 NY2d at 913 [dismissing claim for failure to comply with Court of Claims Act § 10 (2) and (3)]; *Dreger*, 81 NY2d at 724 [dismissing claims for failure to satisfy the filing and service requirements of Court of Claims Act § 11]). It is clear that the total amount of damages must be specified. Although the result may be harsh, it is for the Legislature, not this Court, to set the terms of the State's waiver of immunity.*

In support of her argument, Kolnacki cites several Appellate Division decisions (*see Morris v State of New York*, 27 AD3d 282 [1st Dept 2006]; *Liberty Mut. Ins. Co. v State of New York*, 121 AD2d 694 [2d Dept 1986]; *Barski v State of New York*, 43 AD2d 767 [3d Dept 1973]). These cases address the situation presented when a claimant seeks to have a notice of intention to file a claim treated as a claim. Given this distinction, they are not pertinent to the issue presented here. The remaining contention is without merit.

---

* In other statutes, the Legislature has specifically prohibited a claimant from stating a specific amount of damages (*see e.g.* CPLR 3017 [c] [in a personal injury or wrongful death action, the "complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems him(or her)self entitled"]; General Municipal Law § 50-e [2] [a notice of claim "against a municipal corporation other than a city with a population of one million or more persons shall not state the amount of damages to which the claimant deems him(or her)self entitled, provided, however, that the municipal corporation . . . may at any time request a supplemental claim setting forth the total damages"]). That the Legislature amended these statutes to prevent a claimant from pleading a particular sum of damages (L 1980, ch 686, § 1, amending General Municipal Law § 50-e [2]; L 1976, ch 955, § 10, amending CPLR 3017) without similarly amending the Court of Claims Act lends support to our conclusion (*see generally People v Moquin*, 77 NY2d 449, 455-456 [1991]).

Accordingly, the order of the Appellate Division should be reversed, with costs, defendant's motion to dismiss should be granted, the claim should be dismissed and the certified question should be answered in the negative.

Chief Judge KAYE and Judges GRAFFEO, READ and SMITH concur; Judges PIGOTT and JONES taking no part.

Order reversed, etc.