■ SAIMA NASIR et al., Appellants, v STATE OF NEW YORK, Respondent. [836 NYS2d 886]—

In a claim, inter alia, to recover damages for medical malpractice, the claimants appeal from an order of the Court of Claims (Marin, J.), dated September 20, 2005, which denied their motion for leave to amend the claim and granted the defendant's cross motion to dismiss the claim on the ground that it is jurisdictionally defective.

Ordered that the order is affirmed, with costs.

The claimants commenced this matter, inter alia, to recover damages for medical malpractice, seeking "monetary damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." The claimants subsequently moved for leave to amend the claim to include the specific sums of damages and total damages being sought. The defendant cross-moved to dismiss the claim on the ground that the failure to state the total sum of damages being claimed constituted a jurisdictional defect under, inter alia, Court of Claims Act § 11 (b) which could not be cured by amendment (*see Lepkowski v State of New York*, 1 NY3d 201 [2003]). The Court of Claims denied the motion of the claimants and granted the defendant's cross motion to dismiss. We affirm.

As the Court of Appeals recently observed in *Kolnacki v State of New York* (8 NY3d 277, 281 [2007]), "nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary." Pursuant to Court of Claims Act § 11 (b), the claim must specify, inter alia, the total amount of damages claimed, and "[t]he failure to satisfy any of the [statutory] conditions is a jurisdictional defect" (*Kolnacki v State of New York, supra* at 281). Accordingly, the Court of Claims properly denied the claimant's motion for leave to amend the claim and granted the defendant's cross motion to dismiss. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.