OPINION OF THE COURT
Nicholas V. Midey Jr., J.
In this claim, claimants seek damages for personal injuries allegedly suffered by claimant Kristina Bailey based upon allegations of medical malpractice and negligence, occurring on April 5, 2004, when she underwent surgery at University Hospital, a *916 hospital owned and operated by the State. On that date, claimants allege that a portion of a surgical needle tip was left inside the body of claimant Kristina Bailey during the procedure. The claim of Edward Bailey is derivative in nature.
In this motion to dismiss, defendant contends that the claim is jurisdictionally defective, and therefore subject to dismissal, since the claim fails to include a statement of damages. It is therefore apparent to this court that this motion has been brought in response to the recent Court of Appeals decision of Kolnacki v State of New York (8 NY3d 277 [2007]), in which that Court held that the failure of a claimant to include the total sum of monetary damages in the claim, as required by Court of Claims Act § 11 (b), constituted a jurisdictional defect requiring dismissal of the claim.
While this motion was pending, however, section 11 (b) of the Court of Claims Act was amended (L 2007, ch 606), and this section now provides that a sum certain is no longer required to be stated in a claim for personal injury, medical, dental, or podiatric malpractice, or in wrongful death suits. As provided by this legislation, the amendment to section 11 (b) applies to claims pending in the Court of Claims on its effective date (Aug. 15, 2007).
Accordingly, since this motion for dismissal was based solely upon claimants’ failure to include the total sum of monetary damages in the claim, as required by the Kolnacki holding, based upon the recent amendment of Court of Claims Act § 11 (b) the claim herein is not jurisdictionally defective, notwithstanding the absence of an ad damnum clause, and defendant’s motion has been rendered moot.
Accordingly, for the reasons set forth herein, it is ordered that motion No. M-73776 is hereby denied as moot.