*954 OPINION OF THE COURT
Michael E. Hudson, J.
Defendant has moved for summary judgment dismissing the claim by reason of Mr. Van Buskirk’s alleged failure to file and serve his pleading in the manner set forth under Court of Claims Act § 11 (a) (i), and in conformance with the judicial determination that authorized his pursuit of this matter. For reasons that follow the court must grant the State’s motion, based upon claimant’s failure to serve a copy of the pleading that he filed.
Claimant seeks to recover for injuries allegedly sustained in a fall from the roof of a building on January 6, 2000, while performing construction-related activities under a contract between the building corporation he owned and the New York State Department of Environmental Conservation. Mr. Van Bus-kirk filed his claim on April 7, 2003, pursuant to a grant of leave to file a late claim under Court of Claims Act § 10 (6) by the Supreme Court, Appellate Division, Fourth Judicial Department (Van Buskirk v State of New York, 303 AD2d 970 [2003], revg Ct Cl, Oct. 24, 2001, NeMoyer, J.).
In May of 2007 defendant filed an earlier motion for summary judgment (motion No. M-73386), seeking dismissal on the ground that the claim as served upon the Attorney General on March 28, 2003 failed to recite a total sum claimed, a pleading allegation required at that time under Court of Claims Act § 11 (b) (see Kolnacki v State of New York, 8 NY3d 277 [2007]; Lepkowski v State of New York, 1 NY3d 201 [2003]). Relying upon Kolnacki, the State urged that the pleading defect rendered the claim jurisdictionally defective. Claimant opposed that motion on several grounds, including an assertion that his claim, as filed on April 7, 2003, did include a demand for damages in the sum of $1,000,000. Mr. Van Buskirk also cross-moved at that time for leave to file and serve an amended verified claim that listed a total sum of damages demanded (cross motion No. CM-73478). In response the State expanded its arguments for dismissal to include the variation between the claim as filed, which recited an ad damnum clause, and the claim as served, which did not include such a provision. By decision and order filed April 11, 2008, this court denied dismissal to the extent premised upon the failure to recite a total sum due, based upon the abrogation of that pleading requirement for such matters under an amendment to section 11 (b) (L 2007, ch 606, § 1), effective August 15, 2007, and expressly made applicable to any claim pending on or after November 27, 2003. The court denied *955 the State’s further request for dismissal based upon discrepancies between the filed claim and that which was served, since that ground for relief was first raised in an affidavit in response to the cross motion to amend, rather than in its initial motion papers. That latter denial of relief was made without prejudice, and intended to afford both parties the opportunity to review the multiple copies of the claim that likely would have been filed with the Clerk of the Court,[1] and to fully address the issue in their motion papers. Lastly, the court denied claimant’s cross motion for leave to file and serve an amended claim that recited a total sum due as moot, in view of the amendment to section 11 (b) in that regard.
In this motion defendant once again seeks to dismiss the claim by reason of the discrepancy between the filed claim and the pleading served upon it. In urging relief the State notes that Court of Claims Act § 11 (a) (i) requires that “a copy” of the filed claim be served upon the Attorney General. It is the State’s contention that the statute anticipates that the pleading served be a reproduction of the same one that is filed, and that noncompliance with that statutory requirement is a failure of jurisdiction that compels dismissal of the claim. As a second basis for relief defendant urges that claimant’s right to pursue this matter is derived from a grant of late claim relief by the Appellate Division, which provided, in part: “[w]e therefore . . . grant the application for permission to file a late notice of claim upon condition that claimant shall file the proposed notice of claim within 20 days of the date of entry of the order of this Court” (303 AD2d at 971 [emphasis added]). According to defendant, the claim that Mr. Van Buskirk filed varied from the proposed pleading upon which the Appellate Division granted conditional relief, and dismissal is warranted on that basis as well.
The court will first discuss the discrepancy between the pleading filed and that which was served. Court of Claims Act § 11 (a) (i) provides, in relevant part, that “[t]he claim shall be filed with the clerk of the court; and, except in the case of a claim for the appropriation by the state of lands, a copy shall be served upon the attorney general” (emphasis added). The word “copy” is not defined within the statute, and for that reason should be afforded its usual and commonly understood meaning (McKin *956 nev’s Cons Laws of NY, Book 1, Statutes §§ 94, 232; see Matter of Terino v Levitt, 44 AD2d 167, 169 [1974]). Reference to a dictionary is appropriate in the absence of statutory definition or documented history (see Matter of Cortland-Clinton, Inc. v New York State Dept, of Health, 59 AD2d 228, 231 [1977] [addressing interpretation of an administrative rule]). Here, the definition of “copy,” as relevant, and set forth in Webster’s Third New International Dictionary (1981 ed [unabridged]) is “an imitation, transcript, or reproduction of an original work,” or “one of a series of esp. mechanical reproductions of the same original text.” When so viewed it is clear that section 11 (a) (i) anticipates that the pleading served be a reproduction of the same original claim that is filed.
Several decisions of the Court of Claims have dismissed a claim where a material discrepancy existed between the pleading filed and that which was served (see Hardy v State of New York, Ct Cl, Jan. 4, 2008, Hudson, J, claim No. 110013, motion No. M-73636, UID No. 2007-034-554;[2] Ali v State of New York, Ct Cl, Feb. 7, 2006, Sise, P.J., claim No. 110988, motion Nos. M-70517, M-70665, CM-70622, UID No. 2006-028-516; Gordon v State of New York, Ct Cl, Dec. 31, 2003, Hard, J., claim No. 105141, motion Nos. M-67068, CM-67122, UID No. 2003-032-133). Significantly, none of those decisions held that the served copy must exactly mirror the original claim, and indeed Gordon recognized that “[a]s a practical matter some variation between the claim and the copy that is served on defendant is and should be tolerated, particularly when the documents are handwritten separately.” The court further notes that following the Legislature’s enactment of a commencement-by-filing procedure in Supreme Court and County Court practice in 1992 (L 1992, ch 216), a similar issue arose with respect to the consequence of serving pleadings that varied from the papers filed with those courts. In Matter of Gershel v Dorr (89 NY2d 327 [1996]), the Court of Appeals affirmed the dismissal of a special proceeding in Supreme Court wherein a petitioner served a notice of petition on a respondent after filing a different set of initiatory papers, holding that basic to the revised statutory procedure “is the rule that the papers served must conform in all important respects to the papers filed” (id. at 332). Mindful that commencement procedures in the Court of Claims must follow Court of Claims Act § 11 (a), rather than CELR 304, 306-a and 306-b, *957 and often with nonwaivable jurisdictional consequences, the determination of the Court of Appeals in addressing a similar requirement is instructive.
Here, the pleading served cannot be deemed a “copy” of the claim that was filed. The two documents have different titles, with the filed pleading identified as a “notice of verified claim,” and the copy served designated as a “notice of claim.” They bear several variations in the grammatical form within their introductory language. The filed pleading was verified by Mr. Van Buskirk pursuant to Court of Claims Act § 11 (b), whereas the served paper has not been verified. Significantly, the two documents also differ in the number of paragraphs listed, with the filed claim reciting eight numbered paragraphs, and the served pleading consisting of seven paragraphs. While it appears that paragraphs 1, 2, 3, 4, 5 and 7 are identical in their terms, paragraph 6 of the filed claim sets forth a clause addressing negligence and statutory bases for relief not alleged within paragraph 6 of the served claim. Additionally, the filed pleading alleges, at paragraph 8, a total sum demanded, while the claim served upon the State provides no such allegation. Clearly, under even the most strained analysis the unverified “notice of claim” cannot be considered an imitation or transcript or reproduction of the verified “notice of verified claim” that was filed. Instead, they reflect two distinct, albeit similar pleadings, and for that reason claimant did not satisfy the service requirement set forth within section 11 (a) (i).
Compliance with the filing and service provisions set forth within Court of Claims Act § 11 is jurisdictional in nature (see Kolnacki, 8 NY3d 277 [2007] [the failure to recite total sum due under section 11 (former [b]) is jurisdictional defect]; Lepkowski, 1 NY3d 201 [2003] [the failure to address pleading provisions set forth within section 11 (b) is jurisdictional defect]; Filozof v State of New York, 45 AD3d 1405 [2007] [service by registered mail did not conform to section 11 (a) (i)’s requirement of certified mailing, and thus is jurisdictionally deficient]). Because suits against the State are allowed only by its waiver of sovereign immunity and in derogation of the common law, those statutory requirements conditioning suit must be strictly construed (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). “[N]othing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary” (Kolnacki, 8 NY3d at 281). For that reason the court must deem claimant’s failure to serve a “copy” of the claim to be jurisdictional in nature, so as to compel dismissal.
*958 In reaching its determination the court recognizes and accepts that some variations between the original and served copies of a claim are to be expected, whether they constitute scrivener’s errors in the duplication of handwritten claims by pro se litigants or mistakes in the printing and collation of papers by law offices. Where such variations do not reach a level where the served pleading cannot fairly be deemed a “copy,” those differences would not be of jurisdictional consequence. The court’s review of the discrepancies between Mr. Van Buskirk’s two pleadings should not imply that any specific variation or series of variations gives rise to a jurisdictional defect. Rather, the court intended to demonstrate why the two documents, when viewed in their entirety, cannot be considered the same pleading for purposes of service under section 11 (a) (i).
Moreover, while several of the pleading discrepancies — such as the differences in titles or variations in syntax — can readily be deemed de minimis, other differences are truly substantive. The variation in the number of paragraphs, and in the allegations set forth within paragraph 6, impact on any fair interpretation of the answer defendant would have tendered pursuant to CPLR 3018 (a). The inconsistency in the recitation of a total sum claimed involved a matter that at the time in question was itself of jurisdictional consequence (Kolnacki, 8 NY3d 277 [2007]). Similarly, verification is required under section 11 (b), and a consequence — waiver—results to a party which does not promptly act in response to a failure of verification (Lepkowski, 1 NY3d at 209-210). Those latter discrepancies, therefore, can hardly be deemed unimportant surplusage.
Next addressing the second argument for dismissal, the court must deny relief to the extent the State further urges that Mr. Van Buskirk failed to comply with the Appellate Division’s direction that he file “the proposed notice of claim” that evidently was part of his late claim application and appeal (303 AD2d at 971). Notwithstanding the representation by defendant that the proposed notice of claim that served as the basis for the Appellate Division’s grant of relief was appended as exhibit F to its moving papers (see supporting affidavit of Gregory E Miller, sworn to May 13, 2008, 1i 13), that proposed pleading has not been tendered. Exhibit F is dated May 25, 2007, more than four years after the Fourth Department granted late claim relief, and appears instead to be the proposed claim that was the subject of claimant’s cross motion for leave to file an amended claim, filed *959 May 31, 2007 (cross motion No. CM-73478). The court will not speculate as to whether, and to what extent, the filed or served pleadings herein may have varied from the proposed notice of claim appended to the late claim application and appeal.
Based upon the above, it is hereby ordered that defendant’s motion is granted to the extent based upon the claimed violation of Court of Claims Act § 11 (a) (i), and denied to the extent based upon the claimed noncompliance with the conditions to the grant of late claim relief set forth within Van Buskirk v State of New York (303 AD2d at 971). The claim is hereby dismissed.

. Under 22 NYCRR 206.5 (a), in cases where filing occurs other than by facsimile transmission or electronic means, a claimant is directed to file an original and two copies of the claim.

. Unpublished decision and orders are available on the Court of Claims Web site at www.nyscourtofclaims.state.ny.us.