■ In the Matter of KELLY ANN ROBINSON, Respondent, v BRIAN J. BURKE, Appellant. [881 NYS2d 359]—Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered July 30, 2008 in a proceeding pursuant to Family Court Act article 4. The order committed respondent to a term of incarceration upon a finding of willful violation of a child support order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.

■ MICHAEL A. DAVIS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 106740.) [882 NYS2d 623]—

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered August 1, 2007. The order dismissed the claim for lack of subject matter jurisdiction.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for injuries resulting from allegedly erroneous advice from two physicians at the correctional facility where he was incarcerated that no treatment was necessary for a lump in his upper abdomen. We agree with defendant that the Court of Claims properly dismissed the claim for lack of subject matter jurisdiction. "A court's lack of subject matter jurisdiction is not waivable" (*Matter of Reis v Zimmer*, 263 AD2d 136, 144 [1999], *amended on renewal* 270 AD2d 968 [2000]; *see Moulden v White*, 49 AD3d 1250 [2008]), and we conclude that the court properly dismissed the claim sua sponte (*see generally Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]). Pursuant to Court of Claims Act § 11 (b), "[t]he claim shall state the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained . . . ." The requirements of section 11 (b) are "substantive conditions upon the State's waiver of sovereign immunity" (*Lepkowski v State of New York*, 1 NY3d 201, 207 [2003]), and noncompliance with the statute renders a claim jurisdictionally defective (*see Kolnacki v State of New York*, 8 NY3d 277, 280-281 [2007], *rearg denied* 8 NY3d 994 [2007]; *Lepkowski*, 1 NY3d at 209). Here, the claim is jurisdictionally defective inasmuch as it fails to state an injury (*see Lepkowski*, 1 NY3d at 208). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.