*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    519387
_____

TERRY J. DEMONSTOY,

                    Respondent,

        v
                                            MEMORANDUM AND ORDER

STATE OF NEW YORK,

                    Appellant.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for appellant.

        The Beynenson Law Firm, PC, Franklin Square (John Paul DeVerna of counsel), for respondent.

                    _____

Peters, P.J.

        Appeal from an order of the Court of Claims (McCarthy, J.), entered January 9, 2014, which denied defendant's motion to dismiss the claim.

        Claimant filed this claim to recover damages for injuries he sustained at Mt. McGregor Correctional Facility in Saratoga County.  Defendant moved to dismiss the claim on the ground that claimant failed to, among other things, sufficiently set forth the nature of the claim, as required by Court of Claims Act § 11 (b).  The Court of Claims denied the motion, and this appeal by defendant ensued.

        We affirm.  Court of Claims Act § 11 (b) provides, in pertinent part, that a claim must state the time and place it

arose, the nature of the claim, and the injuries alleged to have been sustained.  "What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable [defendant] to investigate the claim promptly and to ascertain its liability under the circumstances" (Heisler v State of New York, 78 AD2d 767, 767 [1980]; see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; Morra v State of New York, 107 AD3d 1115, 1115-1116 [2013]; Robin BB. v State of New York, 56 AD3d 932, 932-933 [2008]).  "The statement must be specific enough so as not to mislead, deceive or prejudice the rights of [defendant]" (Rodriguez v State of New York, 8 AD3d 647, 647 [2004] [internal quotation marks and citations omitted]; accord Heisler v State of New York, 78 AD2d at 767).

Here, the claim alleges that, at approximately 9:00 p.m. on August 25, 2012, claimant, an inmate, was directed by defendant's employees to arrange weights and handle other heavy and dangerous equipment in a yard within the facility and that, in the course of performing such work, he suffered a fracture and "amputating injury" to the middle finger of his left hand.  It further asserts that claimant's injuries were caused by inadequate lighting, the unsafe condition of the yard and defendant's failure to provide him with sufficient equipment, such as gloves and lights, to perform the work requested of him.  Contrary to defendant's contention, the facts alleged by claimant were sufficient to apprise it of the general nature of the claim and to enable it to investigate the matter (see Klos v State of New York, 19 AD3d 1173, 1174 [2005]; Rodriguez v State of New York, 8 AD3d at 648; Ferrugia v State of New York, 237 AD2d 858, 859 [1997]; Heisler v State of New York, 78 AD2d at 768; compare Morra v State of New York, 107 AD3d at 1116; Robin BB. v State of New York, 56 AD3d at 933; Jones v State of New York, 56 AD3d 906, 907-908 [2008]).  Thus, the Court of Claims properly concluded that the claim satisfied the pleading requirements of Court of Claims Act § 11 (b).

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court