Donahue v State of New York (2019 NY Slip Op 05948)





Donahue v State of New York


2019 NY Slip Op 05948


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1389 CA 18-00894

[*1]DAVID DONAHUE, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 115106.) 






BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
 


 Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered January 30, 2018. The judgment awarded claimant money damages. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries that he sustained while he was an inmate at the Cape Vincent Correctional Facility. According to the claim, claimant sustained injuries "to his shoulder, bicep, and elbow" as a result of defendant's negligent failure to supervise a role play activity during a mandatory treatment program at the prison. We reject defendant's contention that the Court of Claims lacked subject matter jurisdiction to award claimant money damages for past and future lost wages because the claim failed to sufficiently set forth the claim with respect to that category of damages. Pursuant to Court of Claims Act § 11 (b), "[t]he claim shall state the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained." " What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable [defendant] . . . to investigate the claim promptly and to ascertain its liability under the circumstances' " (Demonstoy v State of New York, 130 AD3d 1337, 1337 [3d Dept 2015]). The requirements of section 11 (b) are "substantive conditions upon the State's waiver of sovereign immunity" (Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; see Davis v State of New York, 64 AD3d 1197, 1197 [4th Dept 2009], lv denied 13 NY3d 717 [2010]), and noncompliance with the statute renders a claim jurisdictionally defective (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007], rearg denied 8 NY3d 994 [2007]; Lepkowski, 1 NY3d at 209; Davis, 64 AD3d at 1197). Contrary to defendant's contention, the court did not lack subject matter jurisdiction with respect to damages for past and future lost wages inasmuch as the facts alleged by claimant "were sufficient to apprise [defendant] of the general nature of the claim and to enable it to investigate the matter" (Demonstoy, 130 AD3d at 1338).
The plain language of the statute requires a claimant to specify "the items of damage or injuries claimed to have been sustained" and, "except in[, inter alia,] action[s] to recover damages for personal injury . . . , the total sum claimed" (Court of Claims Act § 11 [b]). Contrary to the view of our dissenting colleague, a natural reading of the statute requires a claimant to specify the items of damage to property or injuries to a person for which the claimant seeks compensation. Here, claimant sufficiently specified the nature of the claim, the time when and the place where the claim arose, and the injuries claimed to have been sustained, i.e., "injuries to his shoulder, bicep, and elbow" (see § 11 [b]; Demonstoy, 130 AD3d at 1337-1338; cf. Davis, 64 AD3d at 1197). Inasmuch as this is an action for damages for personal injury, claimant was not required to specify, in total or itemized by category, his claimed items of damage (cf. Lepkowski, 1 NY3d at 203-204, 208). Damages sought by claimant for claimed [*2]medical expenses or lost wages are matters for the bill of particulars.
All concur except Peradotto, J., who dissents and votes to modify in accordance with the following memorandum: Claimant is a former inmate at Cape Vincent Correctional Facility who was injured at the prison while participating in a role play activity during a mandatory treatment program. Claimant commenced this negligence action alleging in his claim, in pertinent part, that he "received injuries to his shoulder, bicep, and elbow" and that "[t]he particulars of [his] damages include[d]" "[m]edical [s]ervices," "[m]edicine," and "[p]ersonal [s]uffering" in certain amounts. Following trial, the Court of Claims awarded claimant damages for past and future pain and suffering, as well as for past and future lost wages. I respectfully dissent from the majority's affirmance of the judgment on defendant's appeal because, in my view, the court lacked jurisdiction to award damages for lost wages inasmuch as claimant did not comply with Court of Claims Act § 11 (b) when he failed to state in the claim lost wages as an item of damage or injuries. I would therefore modify the judgment as requested by defendant by vacating the award of damages for lost wages.
Inasmuch as "suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003] [internal quotation marks omitted]; see Kolnacki v State of New York, 8 NY3d 277, 280 [2007]). Section 11 (b) of the Court of Claims Act "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) the nature of [the claim]'; (2) the time when' it arose; (3) the place where' it arose; (4) the items of damage or injuries claimed to have been sustained'; and (5) the total sum claimed[,]' " except in personal injury, medical malpractice and wrongful death actions (Lepkowski, 1 NY3d at 207; see § 11 [b], as amended by L 2007, ch 606). Only claimant's compliance with the fourth condition is relevant here.
It is undisputed that claimant failed to particularize lost wages as an item of recovery sought in his claim. Claimant nonetheless posits that the fourth condition of Court of Claims Act § 11 (b), which requires that a claimant state "the items of damage or injuries claimed to have been sustained," means that a claimant may recover for any item of damage or injuries sustained as long as the claimant pleads either that item of damage or physical injuries. I agree with defendant, however, that adopting claimant's construction of the statute would violate the well-settled principle that the pleading requirements under the Court of Claims Act must be strictly construed (see Kolnacki, 8 NY3d at 280; Lepkowski, 1 NY3d at 206-207), and that there is no reason to read into the statute the notion that, in a personal injury case, pleading physical injuries alone without itemizing any recovery sought whatsoever is sufficient to fulfill the fourth condition of section 11 (b). Claimant's disjunctive reading of the phrase "items of damage or injuries" ignores the principle that, in general, "or" is used in a statute preceding a word that is inserted to define that which precedes the word (see McKinney's Cons Laws of NY, Book 1, Statutes § 235 n 75). Here, the fourth condition of section 11 (b) merely recognizes that, depending on the nature of the case, the item of recovery sought by a claimant may be properly characterized as one of "damage" or "injuries," or perhaps both. Indeed, as defendant correctly contends, claimant's interpretation ignores that there are different types of injuries, both physical and economic, just as there are different types of damage. To obtain recovery for any type of injury, including an economic or pecuniary injury, that injury must be pleaded, just as any sought item of damage must be pleaded. Whether a loss of wages is characterized as an item of damage or an economic or pecuniary injury, it must be set forth in the claim in order to obtain recovery on it, and claimant failed to do so here (see generally Young v State of New York [Univ. Hosp. of Brooklyn-Downstate Med. Ctr.], 82 AD3d 972, 973 [2d Dept 2011]; Mujica v State of New York, 24 AD3d 898, 899 [3d Dept 2005], lv denied 7 NY3d 701 [2006]).
The cases cited by the majority do not suggest otherwise. As the majority seemingly recognizes, in Davis v State of New York (64 AD3d 1197, 1197 [4th Dept 2009], lv denied 13 NY3d 717 [2010]), which happened to be a personal injury case, we merely concluded that the claim was defective because the claimant failed to state any injury; we did not have occasion to address whether the claimant had sufficiently particularized the recovery sought (see id.). Similarly, whether claimant was entitled to recovery for economic losses was not at issue or addressed in Demonstoy v State of New York (130 AD3d 1337, 1337-1338 [3d Dept 2015]).
Following claimant's interpretation of the fourth condition, which reads the phrase "damage or injuries" as disjunctive with mutually exclusive nouns, would lead to unreasonable and unintended results, which should be avoided (see Long v State of New York, 7 NY3d 269, 273 [2006]; Spiegelberg v Gomez, 44 NY2d 920, 921-922 [1978]). For example, under claimant's interpretation, it would be sufficient for a claimant to plead (1) the nature of the claim as negligence occurring (2) at a certain time and (3) at a certain place, and resulting in (4) the item of damage of medical expenses, even if the claimant completely omitted any reference whatsoever to the physical harm allegedly suffered, e.g., a broken leg. The claimant would be permitted to leave defendant utterly in the dark about the physical harm allegedly suffered, thereby contravening the purpose of the claim, which is to enable defendant " to investigate the claim promptly and to ascertain its liability under the circumstances' " (Demonstoy, 130 AD3d at 1337, quoting Heisler v State of New York, 78 AD2d 767, 767 [4th Dept 1980]). The requirement that a claimant particularize the items of recovery sought in the claim in order to facilitate defendant's investigation of its potential liability is not an onerous burden (see generally PJI 2:301), and if a claimant does experience difficulty itemizing damage or injuries at the outset, "[a] claim may always be amended at a later time, if necessary" (Kolnacki, 8 NY3d at 281).
Moreover, the interpretation urged by claimant—i.e., that even absent itemization of the recovery sought, the specification of the actual harm allegedly suffered will alone suffice to fulfill the requirement of stating "the items of damage or injuries claimed to have been sustained"—does not conform with the underpinnings of Court of Appeals precedent. In Lepkowski, for example, the public employee claimants did specify the actual harm allegedly suffered, namely, defendant denied them overtime compensation to which they were entitled, but the Court of Appeals nevertheless concluded that the claimants failed to fulfill both the fourth and fifth conditions of section 11 (b) insofar as it was not sufficient itemization to merely allege that the claimants " s[ought] recovery of all unpaid overtime compensation for all hours worked over 40 hours in a work week and not compensated at one and one-half times the regular rate' " (1 NY3d at 208). If simply listing the actual harm allegedly suffered in general terms without itemizing the recovery sought was sufficient, the Court of Appeals would have concluded in Lepkowski that the claimants had fulfilled the fourth condition.
I also disagree with the majority's suggestion that the possibility of a bill of particulars means that section 11 (b) does not require a claimant to particularize in the claim the items of recovery sought, e.g., lost wages, medical expenses, pain and suffering. Although the State can demand a bill of particulars, and a bill of particulars may even serve to supplement or effectively amend the claim, the claimant must still fulfill the substantive conditions of section 11 (b) (see Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, 40 AD3d 719, 719 [2d Dept 2007]).
In the end, the central proposition advanced by claimant, and now adopted by the majority, is that, "[b]y providing notice of his [shoulder, bicep, and elbow] injuries, [he] alerted [defendant] to investigate the full extent of those injuries and how his injuries affected his life and employment." That proposition is fundamentally flawed. While claimant would have defendant ascertain that it could bear liability for lost wages solely from his allegation that he "received injuries to his shoulder, bicep, and elbow," "[t]he Court of Claims Act does not require the State to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (Lepkowski, 1 NY3d at 208; see Kolnacki, 8 NY3d at 280).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court