Flowers v State of New York (2019 NY Slip Op 06824)





Flowers v State of New York


2019 NY Slip Op 06824


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

526200

[*1]Anthony Flowers, Appellant,
v
State of New York, Respondent.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Anthony Flowers, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Clark, J.
Appeal from an order of the Court of Claims (Milano, J.), entered September 21, 2017, which granted defendant's motion to dismiss the claim.
In September 2011, claimant filed a notice of intention to file a claim [FN1] and an unverified claim, asserting that he had sustained injuries after an unprovoked assault by correction officers on July 1, 2011 at the facility where he was confined. The Attorney General rejected the claim and returned it to claimant the day it was received, advising him that it was being treated as a nullity because it was not verified as required. Defendant thereafter filed an answer asserting, as an affirmative defense, that the claim was defective under Court of Claims Act § 11 (b) in that it was unverified and should be dismissed. After a trial commenced in 2017, defendant moved to dismiss the claim as jurisdictionally defective based upon the lack of verification.[FN2] In response, claimant conceded that he had not verified his claim and attempted to serve a verified claim. The Court of Claims granted defendant's motion and dismissed the claim as jurisdictionally defective under Court of Claims Act § 11 (b). Claimant appeals.
We affirm. Given that suits against defendant are permitted only upon defendant's waiver of sovereign immunity and are "in derogation of the common law, statutory requirements conditioning suits must be strictly construed" (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]; accord Kolnacki v State of New York, 8 NY3d 277, 280 [2007]). As relevant here, Court of Claims Act § 11 (b) expressly requires that a claim "shall be verified in the same manner as a complaint in an action in the supreme court." This is one of the "substantive conditions upon [defendant's] waiver of sovereign immunity" (Kolnacki v State of New York, 8 NY3d at 280-281, citing Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; see Ordentlich v State of New York, 173 AD3d 885, 886, [2019]). As "the requirements of section 11 of the Court of Claims Act are jurisdictional in nature" (Finnerty v New York State Thruway Auth., 75 NY2d 721, 722 [1989] [internal quotation marks, ellipsis and citation omitted]), the failure to comply with any of the conditions in Court of Claims Act § 11 (b) consitutes a "jurisdictional defect" (Kolnacki v State of New York, 8 NY3d at 281; see Clark v State of New York, 165 AD3d 1371, 1372 [2018], lv denied 33 NY3d 905 [2019]).
As required, defendant promptly rejected and returned the claim, notifying claimant that it was treating the claim as a nullity due to the lack of verification (see CPLR 3022; Lepkowski v State of New York, 1 NY3d at 210). The Court of Claims correctly determined that defendant acted with the requisite "due diligence" (CPLR 3022). Contrary to claimant's argument, defendant specifically raised this defense in its answer and did not waive the verification requirements (see Court of Claims Act § 11 [c]; see also Goudie v State of New York, 291 AD2d 432, 432-433 [2002], lv denied 98 NY2d 602 [2002]). Claimant's failure to verify the claim deprived the Court of Claims of subject matter jurisdiction (see Caci v State of New York, 107 AD3d 1121, 1122-1123 [2013]); consequently, the Court of Claims properly dismissed the claim (see Finnerty v New York State Thruway Auth., 75 NY2d at 722-723; Clark v State of New York, 165 AD3d at 1373; Dixon v State of New York, 153 AD3d 1529, 1531 [2017], appeal dismissed 30 NY3d 1087 [2018]; Johnson v New York State, 71 AD3d 1355, 1355-1356 [2010], lv denied 15 NY3d 703 [2010]). Claimant's remaining contentions have been reviewed and, to the extent they are preserved for our review, they are without merit.
Egan Jr., J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The record on appeal does not contain the notice of intention, although it does contain the verification thereof.

Footnote 2: Because defendant filed an answer, the subsequent motion "was a CPLR 3212 motion for summary judgment that was based upon the CPLR 3211 (a) grounds asserted in [the] answer" (Jones v State of New York, 171 AD3d 1362, 1363 n 1 [2019], appeal dismissed 33 NY3d 1056 [2019]).