■ TERESA A. SINSKI, Appellant, v STATE OF NEW YORK, Respondent. [696 NYS2d 70] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered April 1, 1998, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the claim is reinstated.

The claimant was injured when she proceeded in her car into an intersection and was struck by a car traveling along the road perpendicular to the claimant's route. The claimant alleged that the defendant had negligently failed to install adequate warning signs, road markings, or traffic lights at the intersection, even though there had been frequent accidents at the site.

Pursuant to Court of Claims Act § 11 (b), a notice of intention to file a claim and a claim must set forth, inter alia, the "place where such claim arose" and "the nature of same". The purpose of the section 11 (b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability (see, Sheils v State of New York, 249 AD2d 459; Sega v State of New York, 246 AD2d 753). The gravamen of the claim is that the defendant was negligent in maintaining the intersection in a dangerous condition and in failing to warn motorists of the danger. Given the nature of the claim, the description of the location of the occurrence was sufficient to enable the State to investigate the occurrence and determine its liability, if any (see, Ferrugia v State of New York, 237 AD2d 858, 859; cf., Cobin v State of New York, 234 AD2d 498). Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.