■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SIMMONS, JR., Appellant. [817 NYS2d 817]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered April 23, 2002. The judg-

ment convicted defendant, upon a jury verdict, of criminally negligent homicide and several traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminally negligent homicide and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminally negligent homicide (Penal Law § 125.10) and various traffic infractions. Although defendant failed to preserve for our review his contention that the conviction of criminally negligent homicide is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The evidence presented at trial, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), establishes that defendant was driving his vehicle at a rate slightly above the usual speed limit of 30 miles per hour and that, due to road work, 15 miles per hour speed limit signs were posted. The evidence further establishes that defendant belatedly realized that the two victims, a woman and her infant, were in the intersection and that his attempts to stop his vehicle prior to reaching the intersection were futile because the road recently had been resurfaced, resulting in oil and loose gravel on the road. Defendant thus failed to stop at the stop sign, skidded through the intersection and struck the victims, fatally injuring the infant. We conclude that the evidence is legally insufficient to establish that defendant's acts were "a gross deviation from the standard of care that a reasonable person would observe" under the circumstances (Penal Law § 15.05 [4]; *see People v Boutin*, 75 NY2d 692, 695-698 [1990]; *People v Beiter*, 77 AD2d 214, 216-219 [1980]). "[U]nless a defendant has engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death, he has not committed the crime of criminally negligent homicide; his 'nonperception' of a risk, even if death results, is not enough" (*Boutin*, 75 NY2d at 696). Here, the conduct of defendant "may well constitute civil negligence. But the [evidence is legally insufficient to] establish *criminal* negligence" (*id*. at 697). We therefore modify the judgment accordingly.

All concur except Martoche, J., who dissents in part and votes to affirm in the following memorandum.

Martoche, J. (dissenting in part). I respectfully dissent in part. Unlike the majority, I see no reason to exercise our power to review defendant's contention concerning the alleged legal insufficiency of the evidence with respect to criminally negligent homicide (Penal Law § 125.10) as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In any event, in my view there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and, as a matter of law, "satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.