In the Matter of MICHAEL O'SHEA et al., Respondents, v STATE OF NEW YORK, Appellant. [829 NYS2d 561]—

In a claim to recover damages for personal injuries, etc., the defendant appeals from an order of the Court of Claims (Marin, J.), dated November 18, 2005, which denied its motion to dismiss the claim, inter alia, for failure to comply with Court of Claims Act § 11.

Ordered that the order is affirmed, with costs.

In July 1998 the claimant Michael O'Shea (hereinafter the claimant) accidentally cut off two of his fingers while using a table saw. He packed the fingers in ice and went to the emergency room at the University Hospital & Medical Center at Stony Brook, a hospital owned and operated by the defendant. The claimant alleges that, despite repeated entreaties to the emergency room personnel by both he and his wife, he was not treated for approximately six hours, at which point reattachment of his fingers was no longer possible. Thereafter, the claimants failed to serve a timely notice of intention to file a claim or to actually file such a claim. Thus, in a prior motion, they sought leave to file a late claim. Appended to their motion papers was a proposed claim setting forth the facts and alleging medical malpractice. In October 1999 the Court of Claims granted the motion, and the order of the Court of Claims was affirmed by this Court on appeal (see Matter of O'Shea v State of New York, 278 AD2d 237 [2000]). The claimants filed a claim

seeking damages for medical malpractice and for negligent hiring and supervision. However, in what was an obvious oversight, the claim did not set forth the fact that the claimant's fingers were severed nor the particulars as to the alleged malpractice. In July 2005, after six years of litigation, approximately four of which were on the merits, the defendant moved to dismiss the claim on the grounds that it did not conform to the proposed claim and that it lacked sufficient particularity to satisfy Court of Claims Act § 11 (b).

On the peculiar facts presented in this case, the Court of Claims properly denied the defendant's motion to dismiss the claim (*see generally Rodriguez v State of New York*, 8 AD3d 647 [2004]; *Sinski v State of New York*, 265 AD2d 319 [1999]; *Grumet v State of New York*, 256 AD2d 441 [1998]; *cf., Lepkowski v State of New York*, 1 NY3d 201 [2003]). The proposed claim in the prior motion provided the defendant with timely notice of all of the relevant facts and allegations giving rise to the claim. Thus, the purpose underlying Court of Claims Act § 11 (b) was clearly served. The defendant had a sufficiently detailed description of the particulars of the claim to enable it to investigate and promptly ascertain the existence and extent of its liability. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.