■ RANDALL J. LOCKLEY, Respondent, v STATE OF NEW YORK, Appellant. [837 NYS2d 322]—

In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Nadel, J.), dated July 27, 2006, which, in effect, granted the claimant's motion for additional time to submit a conforming claim and denied its cross motion to dismiss the claim.

Ordered that the order is affirmed, with costs.

The claimant's personal injury claim accrued on December 18, 2001. The claimant filed a notice of intention to file a claim within 90 days thereafter, and filed a claim in February 2003. The State subsequently moved to dismiss the claim by reason of an alleged defect in the notice of intention to file a claim, and the claimant cross-moved for leave to file a proposed amended claim. By order dated February 2, 2005, the Court of Claims granted both the motion and the cross motion.

The claimant filed a new claim on March 9, 2005. That claim, however, differed from the proposed amended claim that had been attached to the cross motion in that it demanded judgment in the sum of $2 million, rather than $500,000, and contained additional allegations of negligence on the part of the State's employee. In its answer to the new claim, the State asserted that the Court of Claims was without jurisdiction over the new claim. The claimant then moved for additional time to submit a conforming claim, and the State cross-moved to dismiss the claim. The Court of Claims granted the motion to the extent of permitting the claimant to file, within 45 days, an amended claim conforming to the proposed claim. The State appeals.

The State concedes that the claim filed on March 9, 2005 would have been timely and unobjectionable had it conformed to the proposed claim that was the subject of the February 2, 2005 order. Although the Court of Claims was without authority to permit the filing of a new claim at that time (*see Crum & Foster Ins. Co. v State of New York,* 25 AD3d 643, 644 [2006]), leave to amend a claim may be granted "in furtherance of justice for any error in form or substance" (Court of Claims Act § 9 [8]). Such leave may be granted to correct an error in the amount of the claim (*see Kolnacki v State of New York,* 8 NY3d 277, 281 [2007]; *see also Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 20 [1981]; *Harris v State of New York,* 38 AD3d 144 [2007]; *Matter of O'Shea v State of New York,* 36 AD3d 706 [2007]; *Beckley-Kamara v State of New York,* 35 AD3d 774 [2006]; *Morris v State of New York,* 27 AD3d 282, 283 [2006]). In granting that application here, the Court of Claims acted properly within its discretion. Spolzino, J.P., Goldstein, Dillon and Carni, JJ., concur.