OPINION OF THE COURT
Philip J. Patti, J.
The motion is denied, and the cross motion is granted.
Leroy Simmons, Jr., filed this claim on February 9, 2007 seeking $2,000,000 in damages for his alleged wrongful conviction and imprisonment (Court of Claims Act § 8-b), a claim he alleges accrued on July 7, 2006. In lieu of an answer, the defendant seeks dismissal of the claim on various grounds. Claimant rejoins, opposing the motion, and making a cross motion seeking permission to amend his claim.
The underlying event leading to the criminal conviction herein occurred on June 19, 2001 when claimant was driving a motor vehicle and a baby was killed in a motor vehicle accident. As a result of that incident, claimant was indicted by a grand jury (exhibit C to defendant’s motion is a copy of a five-count indictment). Following a jury trial, claimant was convicted of (1) criminally negligent homicide (Penal Law § 125.10); (2) operation of a motor vehicle at imprudent speed (Vehicle and Traffic Law § 1180 [a]); (3) failure to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]); and (4) failure to keep right (Vehicle and Traffic Law § 1120 [a]) (exhibit E to defendant’s motion). He was sentenced to six months in jail, five years’ probation and a one-year revocation of his driver’s license for his conviction on criminally negligent homicide. He was given an unconditional discharge on the other convictions. Upon appeal, the Appellate Division, Fourth Department, modified the judgment
“as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of criminally negligent homicide and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45” (People v Simmons, *396 31 AD3d 1143, 1144 [2006]).
The cross motion is addressed first. One of the grounds for dismissal is the purported lack of documentary evidence, inter alia, that claimant served a term of imprisonment, etc. In his cross motion, claimant provides a proposed amended claim with additional documentary evidence appended thereto. Leaving aside the arguments relating to a determination whether the proposed amended claim, as well as the original claim, affirmatively state facts that establish innocence, defendant maintains that the documentary submissions are also deficient because they contain no documentary proof of what happened after the criminal case was remanded to Supreme Court. It asserts that no certificate of disposition has been produced. For the reasons that follow, and pursuant to my discussion of the merits of the dismissal motion below, these arguments are rejected.
First, defendant suggests that a motion to amend the claim must be denied, relying upon Martinez v State of New York (Ct Cl, Apr. 30, 2004, Sise, J., UID No. 2004-028-532, Claim No. 106265, Motion Nos. M-67817, CM-67982).[1] Claimant raises the cogent argument that this case has just started, there has been no discovery, nothing in the proposed amended claim is prejudicial, and this matter is well within the statute of limitations. Claimant of course could have amended his claim without leave of the court (CPLR 3025; and see 22 NYCRR 206.7 [b]). Moreover, in Acosta v State of New York (270 AD2d 164, 165 [2000]), the First Department held that where a motion
“sought an amendment remedying a pleading deficiency, not one curing a jurisdictional defect relating to the notice of claim requirements of Court of Claims Act §§ 10 and 11 (see, Cannon v State of New York, 163 Misc 2d 623, 626) [and that] Claimant, having satisfied such jurisdictional requirements, is not to be precluded from repleading his claim so as to have it comply with the pleading requirements of section 8-b (4) (see, supra, at 628).”
The Second Department recently reiterated this holding in Harris v State of New York (38 AD3d 144, 150 [2007]), observing that the
“request to amend the claim was subject to the general rule that leave to amend a pleading should be
*397 ‘freely given’ in the absence of prejudice or unfair surprise to the nonmoving party [and] instead of dismissing the claim for failing to explicitly identify . . . the statutory ground upon which the judgment of conviction was vacated, the Court of Claims should have granted that branch of the claimant’s cross motion which was for leave to serve and file an amended claim curing the technical defect” ([citations omitted]; see also Lockley v State of New York, 41 AD3d 439 [2007]).
I hold that the filed claim met the jurisdictional requirements of the Court of Claims Act, and since the documentary submissions now appended to the proposed amended claim fall, in my opinion, within the penumbra of satisfying a pleading deficiency, the cross motion is granted and the claimant may serve and file his amended claim within 30 days of service of a file-stamped copy of this order. The defendant shall then have 40 days to answer or otherwise respond to the amended claim. Claimant might be well advised, in the event of an appeal of this relief (that might not be decided prior to the expiration of the underlying two-year period described in section 8-b [7]), to consider serving and filing a totally new claim, albeit with another filing fee.
Defendant seeks dismissal on the ground that claimant cannot establish his innocence, a linchpin of section 8-b, or prove the same by “clear and convincing” evidence, the intentionally stringent burden of proof. It asserts that the pleadings are deficient because claimant has failed to provide proof of his innocence, and thus the claim must be dismissed at this early pleading stage. This matter, like so many claims under section 8-b, raises interesting and provocative issues.
First, I will not be diverted by extraneous arguments. To the extent that defendant argues that claimant has failed to include any documentary evidence demonstrating what happened when the matter was remanded to the Supreme Court, that may be true. However, the Fourth Department modified the judgment “by reversing that part convicting defendant of criminally negligent homicide and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45” (People v Simmons, 31 AD3d 1143, 1144 [2006], supra). CPL 470.45 reads in relevant part that:
“Upon reversing or modifying a judgment and *398 directing corrective action, an appellate court must remit the case to the criminal court in which the judgment was entered. Such criminal court must ex-. ecute the direction of the appellate court and must, depending upon the nature of such direction, either discharge the defendant from custody, exonerate his bail or issue a securing order.”
In the claim at bar, this mandatory remittitur directing the criminal court to fulfill the direction from the Appellate Division is nothing more than a formality, and in this instance further documentation is not required.
Similarly, the issue of whether the sufficiency of the evidence was raised on appeal is of little or no significance in deciding this motion. A review of the papers submitted to me reflects that this issue was not preserved by claimant’s criminal defense attorney at the trial level, and indeed that failure was one of the bases seeking reversal for the alleged constitutionally ineffective assistance of counsel (exhibit A to defendant’s reply papers). Claimant’s appellate counsel raised, and the Appellate Division reviewed, that contention as a matter of discretion in the interest of justice. Regardless of how this issue has been characterized by the parties, the Appellate Division modified the judgment “in the interest of justice and on the law,” and its decision and order speaks for itself.
The claimant’s arguments regarding the sufficiency of the defendant’s affirmation, to wit, that it was not affirmed under penalties of perjury, as required by CPLR 2106, raise a similarly hypertechnical issue. Much like my discussion above with respect to the amended claim where I suggest that filing a new claim is unnecessary, I could deny the instant motion without prejudice to its renewal. However, I note that the defendant’s affirmation in support of its motion is affirmed “pursuant to CPLR Rule 2106” and its reply/opposition to the cross motion does contain an affirmation with the recitation that it is made “under penalty of perjury.” I choose not to treat the motion to dismiss as a nullity. I will proceed to decide this motion on its merits, and not deny it based upon trivialities, only to see a new motion for identical relief.
Of course, should both parties persist, everything could start all over again, rendering this decision and order moot.
Section 8-b, the Unjust Conviction and Imprisonment Act of 1984, is a creature of statute and in derogation of the common law, and, as defendant notes, was the product of the 1984 Report *399 of the Law Revision Commission to the Governor on Redress for Innocent Persons Unjustly Convicted and Subsequently Imprisoned (1984 McKinney’s Session Laws of NY, at 2929) and subsequent legislative enactment (L 1984, ch 1009). In its nearly 23 years of existence, it has never been amended, despite occasional judicial veiled suggestions, including Judge Bellacosa’s reference to “this structurally complicated statute” (Ivey v State of New York, 80 NY2d 474, 480 [1992]).
Defendant correctly urges that the statute must be strictly construed and suggests that claimant is unable to meet the statutory standard of proving at trial by clear and convincing evidence that he did not commit any of the acts charged in the accusatory instrument. But, the claimant examines the entirety of that statutory provision, correctly parsing the grammar of Court of Claims Act § 8-b (5) (c): “he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state” (emphasis supplied). Strict statutory construction in this instance inures to claimant’s benefit. The conjunctive “or” leads to an examination of those acts charged in the indictment. First, the reversal by the Appellate Division of criminally negligent homicide inherently finds that claimant’s acts on the afternoon of June 19, 2001 did not constitute a felony or misdemeanor. Second, all of the other offenses in the accusatory instrument, including those for which he was found guilty: operation of a motor vehicle at imprudent speed (Vehicle and Traffic Law § 1180 [a]), failure to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]), and failure to keep right (Vehicle and Traffic Law § 1120 [a]) are infractions (Vehicle and Traffic Law § 1101) and do not constitute a felony or misdemeanor. Paris v State of New York (Ct Cl, filed Jan. 9, 1992, Blinder, J., Claim No. 77395, Motion Nos. M-41260, CM-42580, affd 202 AD2d 482 [1994] [exhibit G to defendant’s motion papers]) is not to the contrary. In Paris, while the conviction for criminally negligent homicide was reversed, the remaining conviction as charged in that indictment was for operating a motor vehicle while his license was suspended, the equivalent today of aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511), which currently is either a misdemeanor or a felony.[2] While Paris may have a similar procedural posture to the claim at bar, there is a substantive *400 distinction between a traffic infraction as contrasted with a misdemeanor or felony, an issue that was not visited by the Paris trial court or the Appellate Division.
Even examining whether claimant committed any of the acts charged in the indictment does not provide great clarity. Here, essentially, the facts are not in dispute, the underlying event occurred just as the proof in the criminal trial established, and the reversal of the conviction was based on the Fourth Department’s finding (People v Simmons, 31 AD3d 1143, 1144 [2006]) that:
“The evidence presented at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) ... is legally insufficient to establish that defendant’s acts were ‘a gross deviation from the standard of care that a reasonable person would observe’ under the circumstances. ‘[U]nless a defendant has engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death, he has not committed the crime of criminally negligent homicide . . . .’ Here, the conduct of defendant ‘may well constitute civil negligence. But the [evidence is legally insufficient to] establish criminal negligence’ ” (citation omitted).
The legal insufficiency of the evidence is one of the grounds enumerated in Court of Claims Act § 8-b (3) (b) (ii) (B), where the count dismissed was the sole basis for the imprisonment complained of (CPL 470.20 [3]).[3] Defendant correctly notes that a reversal of a conviction is not the equivalent of a finding of innocence; indeed that determination is not the province of a criminal court. But defendant seemingly argues that no claim may succeed under section 8-b where the ground for reversal is the legal insufficiency of the proof at trial. Yet, that very ground is specified in the Court of Claims Act, and I am reminded of Judge Bellacosa’s words in Ivey v State of York (80 NY2d at 480-481), that the underlying purpose of the statute is providing a remedy for recompense of innocent victims of state prosecuto *401 rial power and the well-established precept that every part of a statute is to be given effect. Since the Appellate Division reversed the conviction here on the law, on a ground statutorily included in section 8-b (3) (b) (ii) (B), claimant should not be foreclosed from proceeding at this early pleading stage.
Here, reviewing the requirements of Court of Claims Act § 8-b (3), claimant has established by documentary evidence that: (a) he has been convicted of a felony against the State and subsequently sentenced to a term of imprisonment, and has served all or part of the sentence; (b) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed on the grounds of subdivision (3) of section 470.20 of the Criminal Procedure Law; and (c) his claim is not time-barred.
I find that the amended claim does state facts in sufficient detail, at this early pleading stage of the litigation, to find that claimant is likely to succeed at trial in establishing that the acts charged in the accusatory instrument did not constitute a felony or misdemeanor and that he did not by his own conduct bring about his conviction (Court of Claims Act § 8-b [4]). Defendant’s argument that somehow claimant contributed to his own conviction because his statement (exhibit B to defendant’s reply affidavit) “contains admissions that would have assisted the Jury in determining” that he committed the acts set forth in the indictment, and somehow that was at variance with the trial proof, putatively calling his veracity into question, calls for problematic speculation into the mind(s) of the jury members. When he was crying and asked the police whether he was going to be incarcerated hardly qualifies, in my mind, as conduct contributing to his conviction.
The motion to dismiss is denied.

. Decisions and selected orders of the New York State Court of Claims are available on the Internet at <www.nyscourtofclaims.state.ny.us>.

. It is not clear under which subdivision Paris was convicted. Aggravated unlicensed operation of a motor vehicle in the third degree is now a misde *400 meanor, but its status was increased to a misdemeanor from a traffic infraction and maximum imprisonment increased to 30 days from 15 days by Laws of 1993 (ch 607, § 4). Since Paris was sentenced to 30 days on this conviction, it appears uncontroverted that he was convicted of at least a misdemeanor and not an infraction.

. Claimant erroneously, but harmlessly, references CPL 470.20 (2) rather than subdivision (3).