*694 OPINION OF THE COURT
Alan C. Marin, J.
In this claim, Liberty Mutual Insurance Company alleges that on April 29, 2008, a Chevy van owned by the State and operated by an employee of the New York State Office of Mental Retardation and Developmental Disabilities[1] struck the 2006 Honda of claimant’s subrogor, Lisa Sookhoo. Claimant moves for leave to serve an amended verified claim. Defendant cross-moves to dismiss on the ground that the claim fails to comply with section 11 of the Court of Claims Act by not adequately describing — or more precisely, by misstating — the location of the accident, as well as by not adequately describing the manner in which it occurred.
Liberty Mutual seeks to make two changes to the claim, the first of which relates to the location of the accident. A New York City police report (MV-104AN), which was annexed to the notice of intention, indicates that the accident occurred at the intersection of 206th Street and 104th Avenue in Queens, and this is the location set forth in the claim.[2] Liberty Mutual states that it has learned that the accident actually occurred at 207th Street and 104th Avenue, and it thus seeks to amend the claim to refer to 207th Street instead of 206th Street.
Second, claimant seeks to add the following sentence regarding the occurrence of the accident: “Defendant had a stop sign and failed to stop and yield to the Plaintiff Subrogor’s vehicle, who had the right of way.”
Section 11 (b) of the Court of Claims Act requires that a claim arising from personal injury state “the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained.” A failure to set forth any of the foregoing items renders a claim jurisdiction-ally defective. (Kolnacki v State of New York, 8 NY3d 277 [Mar. 22, 2007].)
In Kolnacki, defendant’s motion to dismiss was granted because claimant failed to plead the “total sum claimed” as required by section 11 (b) as it existed at the time. The Legislature soon thereafter amended the statute to exclude that *695 item, the result of which was that pleading damages in the Court of Claims more closely matched the practice for Supreme Court. (L 2007, ch 606 [eff Aug. 15, 2007].)
Two months later, the Second Department found that a claim which described the location of a slip and fall as the sidewalk abutting Kingsboro Psychiatric Center at 681 Clarkson Avenue was insufficiently specific:
“Section 11 (b) was recently amended to eliminate the requirement in certain types of cases, including personal injury cases, that the claim allege the total sum claimed . . . The recent amendment, however, leaves in place the remaining requirements of section 11 (b), such as the requirement that the claim allege the place where it arose. The law continues to be that strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary.” (Triana v State of New York, 44 AD3d 1032, 1032-1033 [2d Dept, Oct. 30, 2007] [citations omitted].)
That a “strict compliance” standard obtains with respect to section 11 (b) does not change the fact that determining whether a claim adequately describes a particular location will often be a close question which, as a practical matter, can depend upon the nature of the claim. Triará reiterated what the Court of Appeals has termed “the guiding principle informing section 11 (b)”— that a claim should be sufficiently definite “to enable the State ... to investigate the claim[s] promptly and to ascertain its liability under the circumstances” (Lepkowski v State of New York, 1 NY3d 201, 207-208 [2003], quoting Heisler v State of New York, 78 AD2d 767, 767 [4th Dept 1980] [which had also observed that section 11 (b) does not require “absolute exactness”]).
In Deep v State of New York (56 AD3d 1260, 1261 [4th Dept 2008]), which involved a vehicular accident allegedly caused by the negligent driving of defendant’s employee, the court found that “claimants’ description of the specific street where the accident occurred was sufficient to allow defendant to investigate the claim in a prompt manner and to assess its potential liability (see Sinski v State of New York, 265 AD2d 319 [1999]).” (Emphasis added.) The Second Department in Sinski had reversed and reinstated a claim arising from a collision at an intersection. The claimant had alleged that the defendant had failed to install adequate warning signs, road markings or traffic lights at the intersection.
*696 Clearly then, in any intersection collision, the configuration of signs, traffic lights and other indicators and what claimant alleges about them are critical to satisfying section 11 (b) of the Court of Claims Act. To that end, in the instant case, the State could not know what traffic signals were in place, because Liberty Mutual’s claim directed it to the wrong intersection. The location stated in the claim is thus not sufficient to enable the State to investigate promptly and assess its potential liability. In sum, the claim here does not satisfy section 11 (b), and as a jurisdictionally defective claim, it cannot be remedied by amendment. (Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]; Grande v State of New York, 160 Misc 2d 383 [Ct Cl 1994].)
That the claim had the wrong location because it relied upon the inaccurate police report is unfortunate, but the remedy for that is for claimant to make an application under section 10 (6) of the Court of Claims Act for permission to file a late claim.
Accordingly, having reviewed the submissions, it is ordered that motion No. M-77325 to amend the claim shall be denied, and it is further ordered that cross motion No. CM-77398 be granted and that claim No. 115705 be dismissed.

. As of July 13, 2010, by chapter 168 of the Laws of 2010, that office is now known as the Office for People with Developmental Disabilities.

. Claimant had served a notice of intention to file a claim on the State on June 19, 2008, which had the same location as the claim — 206th Street and 104th Avenue.