OPINION OF THE COURT
Faviola A. Soto, J.
Claimant estate brings this personal injury and wrongful death action alleging that the defendant negligently provided medical treatment to the decedent, John J. DeMairo. The defendant now moves to dismiss all causes of action based on jurisdictional defenses and claimant cross-moves to amend the notice of intention and to amend the claim.
Facts
The decedent, a 72-year-old male, fell and injured himself on February 9, 2012. He was hospitalized at SUNY Downstate Medical Center Long Island College Hospital from March 27, 2012 to April 3, 2012. He died on April 3, 2012. {See defendant’s aff in support, exhibit D.) Thereafter, an autopsy was performed on April 5, 2012. The autopsy report dated May 21, 2012, which was annexed to the notice of intention to make a claim, did not state the date of the death. {See defendant’s aff in support, exhibit A.)
Claimant seeks to recover damages for two separate causes of action: (1) personal injuries for conscious pain and suffering and medical malpractice and (2) wrongful death.
The Notice of Intention to Make a Claim
On May 15, 2012, Carol Ann DeMairo was appointed administratrix of decedent’s estate. The estate, with the help of counsel, served a notice of intention to make a claim that was received by the Attorney General’s office on July 15, 2013. {Id.) For “time, place and manner in which the claim arose,” the notice states that the claim arose on April 5, 2012 and alleges that the defendant was negligent in caring for the decedent and that he died as a result of a misdiagnosis by the defendant’s hospital staff. {Id.)
*795 The Claim and Answer
On January 27, 2014, claimant’s counsel filed a claim (without attachments) dated December 17, 2013 with the court. Claim No. 123838 was issued for this claim. However, it appears that this claim was not served on the State.
On April 1, 2014, claimant’s counsel filed a second, identical claim, but this time attached a copy of the notice and it was served on the State. (Id.) Claim No. 124151 was issued for this second claim.[2] The claim erroneously states that decedent died on April 3, 2013 but also states that the claim accrued between March 27, 2012 and April 3, 2012, the actual date of his death. (Id. ¶¶ 9, 13.)
Defendant joined issue by serving a verified answer dated May 7, 2014. (See defendant’s aff in support, exhibit B.) Defendant alleged in its affirmative defenses that the court lacked jurisdiction due to claimant’s failure to comply with Court of Claims Act §§ 10 and 11. Read together, the sixth, seventh and tenth affirmative defenses allege that claimant failed to timely serve a notice of intention or a claim upon the State with respect to causes of action for conscious pain and suffering, medical malpractice and wrongful death. (Id. ¶¶ 10-11, 14.) The defendant, in the eighth affirmative defense, also alleges that claimant failed to state accrual dates for the claim with consistency and specificity. (Id. ¶ 12.) Additionally, in the tenth affirmative defense, the defendant also alleges that the court lacks jurisdiction over the wrongful death action because the claim fails to accurately state the date of death. (Id. ¶ 14.)
The Amended Claim and Answer
Claimant served defendant with an amended claim that the State received on September 16, 2014. The amended claim was not verified. It was not filed with the court, nor did the claimant seek leave to file an amended claim. The amended claim is substantially the same as the claim, except that it states the correct date of death. (See defendant’s aff in support, exhibit A, 19.)
Defendant served a verified answer to the amended claim dated October 8, 2014. The amended answer, inter alia, alleges that the amended claim is a nullity because it is untimely and *796 because it is an improper means to cure a jurisdictional defect in the notice of intention. (See defendant’s aff in support, exhibit B, f ¶ 5, 7, 17.) The amended answer also alleges that the amended claim was not verified and that it was rejected for this reason. (Id. f 15.)
Analysis
Personal Injury Claims
The applicable provisions for personal injury causes of action such as those for conscious pain and suffering and medical malpractice are set forth in Court of Claims Act § 10 (3). This section requires that a claim be filed with the Clerk of the Court and served upon the Attorney General within 90 days after its accrual—in this case, the date of death—unless, within that same time frame, a notice of intention is served upon the Attorney General, in which event the claim shall be filed and served within two years after its accrual. (See Pelnick v State of New York, 171 AD2d 734, 735 [2d Dept 1991].) Since time limitations were written into the Court of Claims Act as a condition to waiving the State’s sovereign immunity, such restrictions are considered an “integral part” of the State’s immunity doctrine. (See Alston v State of New York, 97 NY2d 159, 163 [2001].) Thus, a claimant’s failure to timely serve the Attorney General with a notice of intention, or to timely file and serve the claim, divests the court of subject matter jurisdiction. (Id. at 164.)
Additionally, a notice of intention or claim for personal injuries, unlike a wrongful death claim, can be filed by any “personal representative” of the decedent, without the need to wait for a court-appointed administrator. (See Lichtenstein v State of New York, 252 AD2d 921, 922 [3d Dept 1998]; EPTL 11-3.2 [b].)
Here, claimant’s personal injury claim accrued on April 3, 2012 and the notice or claim was due by July 2, 2012. However, claimant did not serve their notice until July 15, 2013, over a year after it was due. Claimant’s counsel does not address this point in his affirmation and explicitly conceded that the personal injury claims were untimely during oral argument. The court finds that claimant’s personal injury claims are untimely and are dismissed.
*797 Wrongful Death Claim
The main issue raised by the motion and cross motion is whether the notice received by the Attorney General’s office on July 15, 2013 was sufficient to warrant extending claimant’s time to file the claim given that it did not state the date of death and did not state an accrual date for a wrongful death claim. The court finds that the notice was not sufficient.
The Court of Appeals has repeatedly held that “[b]ecause suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed.” (Kolnacki v State of New York, 8 NY3d 277, 280 [2007]; also see Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003].) Thus, in terms of pleading requirements, those laid out in Court of Claims Act § 11 (b) must be plead with precision:
“The claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, medical, dental or podiat-ric malpractice or wrongful death, the total sum claimed. . . . The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated.” (Emphasis added.)
Claimant makes two main arguments contending that the notice is not defective: (1) that the failure to include the date of death in the notice was a mere “ministerial error,” not a jurisdictional defect of any consequence, and (2) that the defendant cannot prove that they were prejudiced. (See claimant’s aff in support ¶¶ 7, 12-17.)
With respect to the first point, claimant improperly relies on Matter of O’Shea v State of New York (36 AD3d 706 [2d Dept 2007]). Although the Court held that claimant’s failure to specify his injury in a medical malpractice claim should be forgiven as an “obvious oversight,” the Court did so because the defendant had sufficient notice of the specific injury from a prior motion to file a late claim, which the court previously granted. (Id. at 707.) Thus, unlike the present case, the claim filed pursuant to section 11 (b) in Matter of O’Shea was harmless office error. The remainder of cases cited by the claimant predate the Court of Appeals’ decisions in Kolnacki and Lep-kowski.
*798 In Lepkowski the Court held that each of the five conditions listed in section 11 (b) are “substantive conditions,” including the time when a claim arises. (Lepkowski, 1 NY3d at 207.) Timing is an “elementary procedural precept” without which a claim is jurisdictionally defective because an accrual date is essential to determining the statute of limitations as well as the amount of damages involved. (Harper v State of New York, 34 AD2d 865, 865 [3d Dept 1970].)
Additionally, this issue is not one of first impression for the Court of Claims. In Dokas v State of New York (Ct Cl, Sept. 22, 2008, Lack, J., claim No. 114885, UID No. 2008-033-304), a case that is closely analogous to the circumstances here, claimant estate brought a medical malpractice claim but the notice of intention failed to state the date of death or date of accrual of the claim. Claimant annexed an autopsy report to the notice of intention, but, as is the case here, it did not state the date of death. Citing Kolnacki and Lepkowski, Judge Lack dismissed the claim because of the jurisdictional defect. (See also Doonan v State of New York, Ct Cl, Aug. 1, 2014, Lopez-Summa, J., claim No. 120155, UID No. 2014-045-025 [“(T)his Court finds that the failure to provide the time when the wrongful death action arose renders the second notice of intention and the claim jurisdictionally defective”].) The court finds that these cases are more closely on point, especially in light of the controlling Court of Appeals cases decided after Schwartzberg v State of New York (121 Misc 2d 1095 [Ct Cl 1983]).
Here, claimant failed to state the accrual date for the putative wrongful death claim in the notice. The claimant also failed to state the date of death and even failed to state the dates that the decedent was treated at the hospital. Providing this basic information is an integral part of the bargain to access an additional two years to file a timely claim. Instead, claimant impermissibly asks the defendant to “ferret out” and assemble the information that section 11 (b) obligates the claimant to allege. (Lepkowski, 1 NY3d at 208.)
Next, claimant’s counsel argues that since the State was in custody of decedent’s medical records and can freely investigate the nature and extent of any claims arising from his medical treatment, the State cannot prove that they are meaningfully prejudiced by a “nominal irregularity.” {See claimant’s aff in support ¶ 20.)
Generally speaking, the purpose behind the specificity of a pleading required by section 11 (b) is “to enable the State . . . to investigate the claim [s] promptly and to ascertain its li *799 ability under the circumstances.” (Lepkowski, 1 NY3d at 207.) Whether the defendant actually suffers prejudice due to the lack of specificity is, however, immaterial. (See Byrne v State of New York, 104 AD2d 782, 784 [2d Dept 1984].) “Even when [defendant has knowledge of the underlying facts and will suffer no prejudice by allowing the claim to proceed, the claim cannot be saved if it does not meet the minimal pleading requirements under the statute.” (Sabine v State of New York, Ct Cl, May 28, 2015, Fitzpatrick, J., claim No. 125759, UID No. 2015-018-620.)
Here, defendant does not have the burden to show that they were not prejudiced, because prejudice does not factor into the court’s section 11 (b) analysis. In any event, if the State were required to search their files every time it is presented with a potential, albeit obscure, claim in an otherwise defective notice of intention, then section 11 (b) would serve little purpose. Moreover, the Third Department took into account similar equity arguments to those made by claimant’s counsel in his affirmation, but these arguments were implicitly rejected by the Court of Appeals. (Lepkowski v State of New York, 302 AD2d 765, 767-768 [3d Dept 2003, Lahtinen, J., dissenting], aff'd 1 NY3d 201 [2003].) Instead, the Court adopted the view that “the sufficiency of a claim rests solely upon the assertions contained therein, and the State is not required to go beyond the claim in order to investigate.” (Lepkowski, 1 NY3d at 206.)
Thus, the court is constrained to abide by this strict and unforgiving interpretation of section 11 (b). As Judge Corbett appropriately stated, “discretion, equity, or a harsh result may not temper application of a rule of law” when it comes to applying a statutory condition as in Court of Claims Act § 11 (b). (See Martin v State of New York, 185 Misc 2d 799, 804 [Ct Cl 2000].) In the absence of legislative change, this court is not free to dispense with statutory jurisdictional requirements under principles of “abstract justice fitting the particular case.” (See Lurie v State of New York, 73 AD2d 1006, 1007 [3d Dept 1980], citing Ponsrok v City of Yonkers, 254 NY 91, 95 [1930].)
Thus, since claimant failed to state basic information supporting the time frame of a putative wrongful death claim, the court finds that the notice does not comport with the strict pleading standards of section 11 (b) and the claim must be dismissed as jurisdictionally defective.
*800 Leave to Amend
As a precaution claimant cross-moves seeking to amend the notice and claim to reflect the decedent’s date of death.[3] However, when a claimant fails to comply with the statutes vesting this court with jurisdiction, the claimant cannot thereafter amend the claim, so as to cure the jurisdictional defect. (See Grande v State of New York, 160 Misc 2d 383, 385 [Ct Cl 1994].) Moreover, the application to serve an amended claim cannot be considered as a late claim application under Court of Claims Act § 10 (6) because it is beyond the statute of limitations for a wrongful death claim.[4]
Accordingly, defendant’s motion No. M-89170 is granted in its entirety; claimant’s cross motion CM-89489 is denied; and claim Nos. 123838[5] and 124151 are dismissed with prejudice.

. For the purposes of this decision, claim Nos. 123838 and 124151 are considered together because they are identical and are hereinafter referred jointly as “the claim.”

. It is worth noting that the court alerted claimant’s counsel of the jurisdictional defects in the notice and claim as early as July 8, 2014 when the parties first appeared for a preliminary conference and then again on September 15, 2014 at a compliance conference. However, claimant’s counsel did not seek to amend the claim until after the defendant moved to dismiss the action, several years later.

. Had the court received such a motion before expiration of the statute of limitations, it would have had the discretion to reach a different result. (See Dokas at 5.)

. Although the defendant did not specifically move to dismiss claim No. 123838, the Court of Claims may address sua sponte a lack of subject matter jurisdiction. (See Chappelle v State of New York, Ct Cl, Apr. 18, 2016, Schaewe, J., UID No. 2016-044-525.) Since the jurisdictional defects that resulted in dismissing claim No. 124151 also afflict claim No. 123838, claim No. 123838 is dismissed sua sponte.