Sharief v State of New York (2018 NY Slip Op 05880)





Sharief v State of New York


2018 NY Slip Op 05880


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-04476

[*1]Sandra Sharief, appellant, 
v
State of New York, et al., respondents. (Claim No. 124801)


Brian Figeroux, Brooklyn, NY, for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Judith Vale and Mark H. Shawhan of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Alan C. Marin, J.), dated October 25, 2016. The order denied the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to serve and file a late claim, or pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim, and granted the defendants' cross motion to dismiss the claim.
ORDERED that the order is affirmed, with costs.
On October 7, 2013, the claimant, a student at Medgar Evers College, a college of the City University of New York (hereinafter CUNY), allegedly was injured when she tripped and fell on the college's campus. In December 2013, the claimant served a notice of intention to file a claim naming CUNY, as well as the State of New York and Medgar Evers College (hereinafter collectively the defendants) as defendants. In August 2014, the claimant filed a verified claim against the defendants. However, the claim was not timely served.
In September 2016, the claimant moved pursuant to Court of Claims Act § 10(6) for leave to serve and file a late claim, or pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim. The defendants cross-moved to dismiss the claim. In the order appealed from, the Court of Claims denied the claimant's motion and granted the defendants' cross motion. We affirm.
Pursuant to Court of Claims Act § 10(8)(a), "[a] claimant who timely serves a notice of intention but who fails to timely serve or file a claim may, nevertheless, apply to the court for permission to treat the notice of intention as a claim." The notice of intention to file a claim must set forth "the time when and place where [the] claim arose, [and] the nature of same" (Court of Claims Act § 11[b]; see Hargrove v State of New York, 138 AD3d 777; Sinski v State of New York, 265 AD2d 319). "The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability" (Sinski v State of New York, 265 AD2d at 319). [*2]Here, the claimant's notice of intention to file a claim failed to describe the location of the alleged accident with sufficient specificity to satisfy the requirements of Court of Claims Act § 11(b) (see Triani v State of New York, 44 AD3d 1032, 1033; Cobin v State of New York, 234 AD2d 498, 499; see also Mitchell v City of New York, 131 AD2d 313, 315).
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612; see Kealos v State of New York, 150 AD3d 1211, 1212). Here, the claimant failed to establish a reasonable excuse for her delay in filing the claim and failed to demonstrate that her claim was potentially meritorious (see Morris v Doe, 104 AD3d 921). The claimant also failed to establish that the defendants had notice of the essential facts constituting the claim and an opportunity to investigate.
The claimant's remaining contention is without merit.
Accordingly, we agree with the Court of Claims' determinations to deny the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to serve and file a late claim, or pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim, and to grant the defendants' cross motion to dismiss the claim.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court